■  GEORGE W. SUPPLES, as Parent and Natural Guardian of CHRISTOPHER P. SUPPLES, Appellant, v CANADIAN NATIONAL RAILWAY COMPANY, Respondent, et al., Defendant.—Judgment unanimously reversed, on the law, and new trial granted, with costs to abide the event. Memorandum: Giving effect to *Scurti v City of New York* (40 NY2d 433), *Basso v Miller* (40 NY2d 233) and *Barker v Parnossa, Inc.* (39 NY2d 926), it is clear that the rule has been evolved that the law is not concerned with the distinction between duties owed trespassers, licensees and invitees but rather with the application of a "standard of reasonable care under the circumstances whereby foreseeability shall be a measure of liability." *(Basso v Miller, supra,* p 241.) As was pointed out in *Scurti (supra,* p 438) "With the elimination of the special immunities conferred on landowners, their liability to persons injured on their property depends on the reasonableness of their conduct under all the facts and circumstances." Having in mind the rule that we must in the posture of this case have the proof read in the light most favorable to the plaintiff, questions of fact were presented as to the foreseeability of infant plaintiff's jumping on the train in the area where it was standing, as to whether the defendant railroad used reasonable care under the circumstances to avoid a foreseeable injury and as to whether the plaintiff acted reasonably in view of the dangers he fairly could be expected to appreciate. Such questions can be resolved only after a full trial of the issues. (Appeal from judgment of Erie Supreme Court—negligence—railroad.) Present—Marsh, P. J., Moule, Cardamone, Mahoney and Dillon, JJ.

■  LAURETTA HEÁPHY, Appellant, v LAKE SHORE YACHT & COUNTRY CLUB, INC., Respondent.—Judgment unanimously affirmed, with costs, upon the findings and opinion at trial term, Hancoch, J. (Appeal from judgment of Onondaga Supreme Court—Real Property Actions and Proceedings Law, §§ 521, 522.) Present—Marsh, P. J., Simons, Mahoney, Goldman and Witmer, JJ.

■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CARMACK, Appellant.—Motion granted and remittitur order entered May 21, 1976 amended to reflect that reversal be on the law alone. Present—Cardamone, J. P., Simons, Mahoney, Dillon and Witmer, JJ.

■  In the Matter of ANDREW PARENTIS, an Attorney.—Resignation accepted and name stricken from roll of attorneys. Present—Marsh, P. J., Cardamone, Simons, Goldman and Witmer, JJ.