■ JOSEPH LUKASIEWICZ, an Infant, by JOSEPH H. LUKASIEWICZ, SR., Father and Natural Guardian, et al., Respondents, v CITY OF BUFFALO, Appellant.—Judgment unanimously affirmed, with costs, Simons, J., not participating. Memorandum: Defendant City of Buffalo (City) appeals from a judgment, after jury verdicts, for damages for personal injuries sustained by Joseph H. Lukasiewicz, Jr., and by his natural parent and guardian, Joseph H. Lukasiewicz, Sr., for medical, hospital and surgical expenses incurred by him for the care of his son. Actions against the board of education and New York Central Railroad were dismissed at trial and these defendants are not parties to this appeal. We find that sufficient evidence was produced to permit the jury to consider whether there was actionable negligence on the part of the City and, therefore, the jury's verdicts should not be disturbed. The infant sustained his injuries when he was 10 years of age. He was playing on a City playground which was enclosed by a chain link fence. City park department maintenance employees described the fence as "very old", that it "needed repairs constantly", that it was "old, beat, tired" and "rusty" at the time of the accident. The fence was about 10 to 12 feet from the railroad tracks and there was proof that children had climbed through holes in the fence on occasions and had played on and near the tracks. The infant plaintiff went through a hole in the fence to the tracks; attempted to climb the ladder on a moving boxcar; fell from the car which then ran over the infant's leg, which subsequently had to be amputated. We agree with respondents' contention that the facts in the instant case are almost identical with the fact pattern in *Scurti v City of New York* (40 NY2d 433). In *Scurti* a 14-year-old high school student entered a railroad yard through a hole in the fence of a city playground. The boy then climbed to the top of a freight car and was electrocuted when he came into contact with a high-voltage wire. As in the case at bar, there was proof in *Scurti* that there were holes in the fence, that on both sides there were paths leading to the opening and utilized by children in the playground. There was only one significant fact in *Scurti* which is not present in this case. There was

evidence of four prior accidents in *Scurti* and no proof of prior accidents in the instant case. This indicates only that *Scurti* had a stronger case on the issue of foreseeability, but the quantum and quality of the proof was a matter for the jury to consider. As stated by Judge Wachtler for the majority in *Scurti* (p 442): "[T]he likelihood of one entering without permission depends on the facts of the case including the location of the property in relation to populated areas, its accessibility and whether there have been any prior incidents of trespassing in the area where the injury occurred. The age of the plaintiff is also significant in view of the 'well-known propensities of children to climb about and play' *(Collentine v City of New York,* 279 NY 119, 125)." Although *Scurti* was decided by a divided court, Chief Judge Breitel, who concurred in part and dissented in part, stated that he "would reinstate the complaint against the City of New York for the negligent maintenance of its park fence all but abutting on the railroad yard" (p 443). The facts in the record support, at the least, an inference of negligence, thus presenting a fact question for the jury (see *Basso v Miller,* 40 NY2d 233; *Barker v Parnossa, Inc.,* 39 NY2d 926; *Supples v Canadian Nat. Ry. Co.,* 53 AD2d 1017). Defendant City also argues that the trial court committed reversible error in refusing to charge, as requested, "that the City of Buffalo is not an absolute insurer or guaranty *[sic]* of the safety of children while going or coming from playgrounds". The court's charge as a whole was a clear, accurate, comprehensive and fair statement with respect to each element of proof necessary to sustain the action. It covered fully the essence of the requested charge, although not in its terminology. The failure to charge verbatim as requested worked no prejudice to the defendant's case. (Appeal from judgment of Erie Supreme Court—negligence.) Present— Moule, J. P., Simons, Dillon, Goldman and Witmer, JJ.