■ ROBERT H. NIELSEN et al., Individually and as Legal Guardians of Jennifer L. Nielsen, an Infant, Appellants, v JAMES MOORE et al., Appellants, and VILLAGE OF PENN YAN, Respondent.—Order unanimously affirmed without costs. Memorandum: As she was leaving a park owned by the Village of Penn Yan and crossing a State highway, the infant plaintiff was struck by a car. In this personal injury action, the court properly granted summary judgment dismissing the complaint and cross claim against the village. In support of its motion for summary judgment, the village established that Route 54A is a State highway over which the village has no control. It argued that it thus had no duty to pedestrians crossing the highway. In opposition to the motion, plaintiffs contended that the village was liable for failing to provide a

crosswalk, post warning signs, install signal lights, or reduce the speed limit at the site of the accident, and for failing to assign crossing guards or other supervisory personnel at the park. There is no basis for imposing liability on the village on any of those theories.

The Vehicle and Traffic Law explicitly prohibits local authorities from placing traffic-control devices at any location on a State highway for the regulation of traffic, including vehicles, bicycles, or pedestrians, traveling along or across such highway (Vehicle and Traffic Law §§ 152, 1684; *see also,* Vehicle and Traffic Law § 1640 [a] [1], [3], [8], [11]; §§ 1641, 1643 [villages]). The term "traffic-control devices" includes all signs, signals, and markings (Vehicle and Traffic Law § 153). Given its lack of control over the highway, the village cannot be liable for failing to provide traffic-control devices *(see, Ossmer v Bates,* 97 AD2d 871, 872). Nor can it be liable for failing to deploy crossing guards or other supervisory personnel at its parks. The decision not to post crossing guards is within the municipality's discretionary authority to allocate its police resources *(Florence v Goldberg,* 44 NY2d 189, 197-198). The cases relied upon by plaintiffs which establish a municipality's duty to protect juvenile users of its parks from off-premises dangers *(see, Scurti v City of New York,* 40 NY2d 433, 437-439, 443-446 [Breitel, Ch. J., concurring in part and dissenting in part]; *Leone v City of Utica,* 66 AD2d 463, *affd for reasons stated* 49 NY2d 811; *Lukasiewicz v City of Buffalo,* 55 AD2d 848, *lv denied* 41 NY2d 803) are not applicable as plaintiffs specifically disclaimed reliance on the theory that the village could be liable for failing to fence off the park from Route 54A. (Appeal from order of Supreme Court, Yates County, Dugan, J.—summary judgment.) Present—Callahan, J. P., Denman, Boomer, Balio and Davis, JJ.