■ KEMAL ILGAR PEKER et al., Respondents, v ALLSTATE INSURANCE COMPANY, Appellant. [787 NYS2d 383]—

In an action, inter alia, to recover on an automobile insurance policy, the defendant appeals, (1) as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Lifson, J.), dated March 12, 2003, as denied that branch of its motion which was for summary judgment dismissing the first cause of action and granted that branch of the plaintiffs' cross motion which was for summary judgment on that cause of action, and (2) from a judgment of the same court entered June 5, 2003, which, upon the order, is in favor of the plaintiffs and against it in the principal sum of $15,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof in favor of the plaintiffs and against the defendant in the principal sum of $15,000, and substituting therefor a provision in favor of the plaintiff Kemal Ilgar Peker and against the defendant in the principal sum of $15,000; as so modified, the judgment is affirmed, with costs to the plaintiff Kemal Ilgar Peker, that branch of the defendant's motion which was for summary judgment dismissing the first cause of action insofar as asserted by the plaintiff Dawn Peker is granted, that branch of the plaintiffs' cross motion which was for summary judgment on the first cause of action insofar as asserted by the plaintiff Dawn Peker is denied, and the order is modified accordingly.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The defendant issued an insurance policy to the plaintiff Dawn Peker (hereinafter the wife), inter alia, for a 1990 Infiniti that was registered and owned by her husband, the plaintiff Kemal Ilgar Peker (hereinafter the husband). The 1990 Infiniti was listed on the policy declaration page, and the husband was also listed on such page as a driver. The policy defined an insured person, inter alia, as: "(1) [w]hile using your insured auto: (a) you, (b) any resident, and (c) any other person using it with your permission."

An insured auto was defined, inter alia, as "any auto described on the declarations page."

In August 1996, the Infiniti was stolen and the husband filed a claim with the defendant. The defendant forwarded a written disclaimer to the wife maintaining that she did not have an insurable interest in the subject vehicle. Further, the defendant argued, inter alia, that the husband did not have standing to commence this action since there was no privity of contract between him and the defendant.

Insurance Law § 3401 defines an "insurable interest" as "any lawful and substantial economic interest in the safety or preservation of property from loss, destruction or pecuniary damage."

The defendant established its prima facie entitlement to summary judgment dismissing the first cause of action insofar as asserted by the wife. The wife did not have an insurable interest, as she did not own or possess the insured vehicle (*see Silberman v Royal Ins. Co.,* 184 AD2d 562 [1992]). The plaintiffs failed to raise a triable issue of fact as to the wife. Therefore, the Supreme Court incorrectly denied that branch of the defendant's motion which was for summary judgment dismissing the first cause of action insofar as asserted by the wife, and incorrectly granted that branch of the plaintiffs' cross motion which was for summary judgment on the first cause of action insofar as asserted by the wife.

However, the Supreme Court correctly denied that branch of the defendant's motion which was for summary judgment dismissing the first cause of action insofar as asserted by the husband, and correctly granted that branch the plaintiffs' cross motion which was for summary judgment on the first cause of action insofar as asserted by the husband. The defendant failed to establish its prima facie entitlement to summary judgment dismissing the first cause of action insofar as asserted by the husband since the husband was an insured person under the terms of the subject policy. The 1990 Infiniti was an "insured auto," within the meaning of the policy, as it was listed on the declaration page. Further, the husband paid insurance premiums, was listed on the declarations page as a driver, and used the vehicle with the wife's permission.

The defendant cites for the first time a separate provision under the policy in support of its argument that the husband is not covered under the terms of the policy. However, this argument is not properly before this Court, as the defendant failed to raise such policy provision before the Supreme Court (*see Miller v Village of Wappingers Falls,* 289 AD2d 209, 210 [2001]).

The parties' remaining contentions either are academic or without merit. H. Miller, J.P., Goldstein, Cozier and Mastro, JJ., concur.