■ DAVID KATZ, Appellant, v TOWN OF CLARKSTOWN, NEW YORK, et al., Respondents. [990 NYS2d 880]—

In an action, inter alia, to recover damages for injury to prop-

erty and negligent infliction of emotional distress, the plaintiff appeals from an order of the Supreme Court, Rockland County (Berliner, J.), dated April 9, 2013, which granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

In August 2011, Tropical Storm Irene struck the Town of Clarkstown. The plaintiff obeyed governmental advisories to evacuate. On August 28, 2011, he returned home to assess the damage, and placed certain items of personal property, including family memorabilia and his awards and employment records as a police officer, in his driveway to air them out. The plaintiff was informed by Ralph Lauria, Deputy Director of the Town's Department of Environmental Control (hereinafter the DEC), that bulk pick-up of garbage would commence on September 5, 2011.

On August 31, 2011, the plaintiff was contacted by his neighbor and told that, at 7 a.m. on that date, the DEC commenced bulk garbage removal. When the plaintiff returned home, he ascertained that all items that he had placed on his driveway had been removed from the driveway, with the exception of a generator.

The plaintiff served a timely notice of claim and commenced the instant action against the Town and several of its agencies and officials to recover damages for injury to property and negligent infliction of emotional distress. The defendants moved, inter alia, to dismiss the complaint pursuant to CPLR 3211 (a) (7). The defendants alleged, among other things, that the complaint failed to allege extreme or outrageous conduct and, therefore, failed to state a cause of action to recover damages for negligent infliction of emotional distress. The defendants further alleged that they owed no duty to the plaintiff because they were acting in their governmental capacities when the plaintiff's belongings were removed from his driveway, that no special relationship was created between the plaintiff and them and, therefore, the complaint failed to state a cause of action to recover damages for injury to property. In the order appealed from, the Supreme Court granted the defendants' motion to dismiss the complaint.

The plaintiff failed to state a cause of action sounding in negligent infliction of emotional distress (see *McGovern v Nassau County Dept. of Social Servs.*, 60 AD3d 1016, 1017 [2009]).

Garbage collection is considered a governmental function (see *Applewhite v Accuhealth, Inc.*, 21 NY3d 420, 427 [2013]; *Nehrbas*

*v Incorporated Vil. of Lloyd Harbor,* 2 NY2d 190, 195 [1957]). A municipality cannot be held liable for negligence in the performance of discretionary acts, but can be held liable for negligence in the performance of ministerial acts, if there is a special relationship between the plaintiff and the defendant (*see McLean v City of New York,* 12 NY3d 194, 202 [2009]). The difference between ministerial or discretionary acts is described thusly: " 'discretionary or quasi-judicial acts involve the exercise of reasoned judgment which could typically produce different acceptable results whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result' " (*Haddock v City of New York,* 75 NY2d 478, 484 [1990], quoting *Tango v Tulevech,* 61 NY2d 34, 41 [1983]). Garbage collection falls within the definition of a ministerial function.

A special relationship based upon a duty voluntarily assumed by the municipality requires proof of the following elements: " '(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking' " (*McLean v City of New York,* 12 NY3d at 201, quoting *Cuffy v City of New York,* 69 NY2d 255, 260 [1987]; *see Valdez v City of New York,* 18 NY3d 69, 80 [2011]). No facts were alleged indicating that the defendants undertook an affirmative duty to act on behalf of the plaintiff. Therefore, no basis was alleged to impose liability upon the defendants, based on the negligent destruction of property. Dickerson, J.P., Leventhal, Cohen and Hinds-Radix, JJ., concur.