Anthony McCants, Jr., an Infant, by His Father and Natural Guardian, Anthony McCants, Sr., et al., Respondents, v Hempstead Union Free School District et al., Defendants, and Incorporated Village of Hempstead, Appellant. [8 NYS3d 337]—

In an action to recover damages for personal injuries, etc., the defendant Incorporated Village of Hempstead appeals from an order of the Supreme Court, Nassau County (Feinman, J.), dated November 18, 2013, which denied its motion pursuant to

CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it for failure to state a cause of action.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Incorporated Village of Hempstead to dismiss the complaint insofar as asserted against it is granted.

The infant plaintiff, then a sixth-grade student, allegedly was struck by a motor vehicle operated by the defendant Raynard Bossie as he was leaving the Alverta B. Gray Schultz Middle School. This school is in the defendant Hempstead Union Free School District and is located on Greenwich Street near its intersection with Harriman Avenue. At the time of the accident, the infant plaintiff was crossing Greenwich Street at the subject intersection. No crossing guard was assigned to the intersection at which the collision is alleged to have occurred; however, crossing guards were assigned to nearby intersections. The infant plaintiff, and his father suing derivatively, commenced this action against, among others, the defendant Incorporated Village of Hempstead to recover damages for its alleged negligence in failing to provide a crossing guard at the subject intersection. The Village moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it. The Supreme Court denied the motion, and the Village appeals.

"Government action, if discretionary, may not be a basis for liability, while ministerial actions may be, but only if they violate a special duty owed to the plaintiff, apart from any duty to the public in general" (*McLean v City of New York*, 12 NY3d 194, 203 [2009]). " '[D]iscretionary or quasi-judicial acts involve the exercise of reasoned judgment which could typically produce different acceptable results whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result' " (*Haddock v City of New York*, 75 NY2d 478, 484 [1990], quoting *Tango v Tulevech*, 61 NY2d 34, 41 [1983]; *see Katz v Town of Clarkstown, N.Y.*, 120 AD3d 632, 634 [2014]). The assignment of crossing guards to intersections falls within the definition of a discretionary function (*see Molina v Conklin*, 57 AD3d 860, 862 [2008]; *Nielsen v Moore*, 143 AD2d 511, 512 [1988]; *see also Florence v Goldberg*, 44 NY2d 189, 198 [1978]).

Here, the Village established its prima facie entitlement to judgment as a matter of law by demonstrating that its actions were discretionary. Although the Village had assigned crossing guards to certain intersections near the school, its decision not to post a crossing guard at the subject intersection does not

give rise to liability on the part of the Village (*see Molina v Conklin*, 57 AD3d at 862; *Nielsen v Moore*, 143 AD2d at 512; *see also Vandewinckel v Northport/East Northport Union Free School Dist.*, 24 AD3d 432, 433 [2005]). In opposition, the plaintiffs failed to raise a question of fact.

The plaintiffs' remaining contention is not properly before this Court (*see Peker v Allstate Ins. Co.*, 13 AD3d 596, 598 [2004]).

Accordingly, the Supreme Court should have granted the Village's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it. Dillon, J.P., Miller, Maltese and Duffy, JJ., concur.