Ade v City of New York (2018 NY Slip Op 05993)





Ade v City of New York


2018 NY Slip Op 05993


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2015-11971
2015-12194
 (Index No. 32655/03)

[*1]Kevin Ade, etc., et al., respondents, 
v
City of New York, et al., defendants, Yvette James, et al., appellants. (Appeal No. 1)
Kevin Ade, etc., et al., appellants,
v
City of New York, et al., respondents, et al., defendants. (Appeal No. 2)


Hannum Feretic Prendergast & Merlino LLC, New York, NY (Jon Pisiewski of counsel), for appellants in Appeal No. 1.
Marjory Cajoux, Brooklyn, NY, for respondents in Appeal No. 1 and appellants in Appeal No. 2.
Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon and Ellen Ravitch of counsel), for respondents in Appeal No. 2.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants Yvette James and Sacoyia James appeal from an order of the Supreme Court, Kings County (Lara J. Genovesi, J.), dated October 2, 2015, and the plaintiffs appeal from an order of the same court, also dated October 2, 2015. The first order dated October 2, 2015, denied the motion of the defendants Yvette James and Sacoyia James for summary judgment dismissing the complaint insofar as asserted against them. The second order dated October 2, 2015, insofar as appealed from, granted that branch of the motion of the defendants City of New York and Board of Education of the City of New York which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the first order dated October 2, 2015, is affirmed; and it is further,
ORDERED that the second order dated October 2, 2015, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondents in Appeal No. 1 payable by the appellants in Appeal No. 1, and one bill of costs is awarded to the respondents in Appeal No. 2 payable by the appellants in Appeal No. 2.
On June 12, 2002, the infant plaintiff, then a second-grade student, allegedly was struck by a motor vehicle driven by the defendant Sacoyia James and owned by the defendant Yvette James (hereinafter together the James defendants), as he was leaving P.S. 272. At the time of the [*2]accident, the infant plaintiff was crossing Seaview Avenue at or near its intersection with 100th Street in Brooklyn. No crossing guard was assigned to the intersection at which the accident allegedly occurred; however, a crossing guard was regularly assigned to the intersection of 101st Street and Seaview Avenue. The crossing guard was on vacation that day, and no substitute was assigned.
The infant plaintiff, and his father suing derivatively, commenced this action against the James defendants, alleging that they were negligent in causing the accident, and against the City of New York and the Board of Education of the City of New York (hereinafter together the municipal defendants), alleging that they were negligent in failing to place a substitute crossing guard at the intersection of 101st Street and Seaview Avenue, and alleging negligent supervision. After issue was joined, the municipal defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, and the James defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the municipal defendants' motion and denied the James defendants' motion.
A municipal defendant is immune from negligence claims arising from the performance of its governmental functions unless the injured person can establish a special relationship with the municipal defendant (see Clarke v City of New York, 18 AD3d 796, 797; Sandstrom v Rodriguez, 221 AD2d 513, 514). The elements of a special relationship based on a voluntary assumption of a duty are "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the injured party; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) the injured party's justifiable reliance on the municipality's affirmative undertaking" (Cuffy v City of New York, 69 NY2d 255, 260; see Valdez v City of New York, 18 NY3d 69).
Here, the municipal defendants established their prima facie entitlement to judgment as a matter of law on the cause of action alleging negligence by their submissions, which established the absence of any special relationship with the infant plaintiff. The municipal defendants' duty was limited to providing a crossing guard at the intersection of 101st Street and Seaview Avenue, and did not extend to the intersection of 100th Street and Seaview Avenue, where no crossing guard was assigned (see Florence v Goldberg, 44 NY2d 189; McCants v Hempstead Union Free Sch. Dist., 127 AD3d 941). Further, the municipal defendants established, prima facie, that the failure of having a crossing guard at the intersection of 101st Street and Seaview Avenue was not a proximate cause of the injuries allegedly sustained by the infant plaintiff in this case (see Giresi v City of New York, 125 AD3d 601, 603-604). In opposition, the plaintiffs failed to raise a triable issue of fact.
The municipal defendants also established their prima facie entitlement to judgment as a matter of law dismissing the negligent supervision cause of action. Their submissions demonstrated that the accident occurred after the infant plaintiff was dismissed from school (see Vernali v Harrison Cent. Sch. Dist., 51 AD3d 782, 783; Bowers v City of New York, 294 AD2d 526, 527), and that they did not release the infant plaintiff into a foreseeably hazardous setting that they had a hand in creating (see Donofrio v Rockville Ctr. Union Free Sch. Dist., 149 AD3d 805). In opposition, the plaintiffs failed to raise a triable issue of fact.
Finally, we affirm the denial of the James defendants' motion for summary judgment on a ground different from that stated by the Supreme Court. As the plaintiffs contend, the motion should have been denied as untimely, since the James defendants failed to demonstrate good cause for their delay in making the motion (see CPLR 3212[a]; Courtview Owners Corp. v Courtview Holding B.V., 113 AD3d 722, 723).
Accordingly, we agree with the Supreme Court's determination to deny the James defendants' motion for summary judgment dismissing the complaint insofar as asserted against them, and to grant that branch of the municipal defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
SCHEINKMAN, P.J., RIVERA, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court