■ LULA JOHNSON, Appellant, v NEW YORK CITY BOARD OF EDUCATION, Respondent. [671 NYS2d 112] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Lerner, J.), dated January 31, 1997, which granted the defendant's motion for summary judgment dismissing the complaint and (2) a judgment of the same court dated March 27, 1997, which dismissed the complaint (*see,* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiff, a teacher, was on lunchroom duty at Public School 116 in Queens on April 23, 1991. As part of her duties, she normally escorted a fairly large number of children out to the schoolyard after they finished their lunch. In carrying out her duties, she was normally assisted by two teacher's aides. On the day in question, the aides were not present, having been called away by the principal. The plaintiff therefore started to lead the children out to the yard by herself. It is undisputed that one of the children, identified as T.J., had somehow exited early and was perched on the outside railing of the steps leading to the yard. When the plaintiff opened the door and stepped out, T.J. jumped onto her, knocking her down and injuring her. In the ensuing confusion, an undetermined number of the students in the plaintiff's charge stepped on her, causing her additional injuries. The plaintiff sued, alleging, *inter alia,* that the defendant was negligent in failing to provide a safe workplace. The Supreme Court granted the defendant's motion for summary judgment and dismissed the complaint finding the absence of a special duty, and the plaintiff appealed.

The complaint was properly dismissed. Liability may not be imposed upon the defendant, a governmental entity, absent the existence of a special duty, together with justifiable reliance thereon by the plaintiff to her detriment (*see, Verra v City of New York,* 217 AD2d 577). The plaintiff's status as a teacher is insufficient, without more, to create the requisite special duty as she was in the same position as every other school employee (*see, Bisignano v City of New York,* 136 AD2d 671). Altman, J. P., Krausman, Florio and Luciano, JJ., concur.