▪ VERA SAMPSON, Respondent, v BOARD OF EDUCATION OF CITY OF NEW YORK, Appellant. [680 NYS2d 594] —In an action to recover damages for personal injuries, the defendant appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated March 31, 1997, which reversed a judgment of the Civil Court of the City of New York, Kings County, entered January 23, 1996, reinstated a jury verdict, and remitted the matter to the Civil Court for a trial on the issue of damages.

Ordered that the order of the Appellate Term is reversed, on the law, with costs, and the judgment of the Civil Court dismissing the plaintiff's complaint is reinstated.

The plaintiff, a teacher, was injured when, as part of her duties, she was preparing to escort her third grade class from the schoolyard to their classroom after the lunch recess. On the day in question, while the plaintiff and her class were lined up and waiting for the other classes to enter the building, the teacher of the class in front of her was looking at the sky for a period of time, and that teacher's class became unruly. While

the plaintiff was facing her class and had her back to the other class, she was hit from behind by two or three children and knocked to the ground, causing her injury. The plaintiff sued, alleging, *inter alia*, that the defendant negligently failed to supervise the children. After a trial in which the jury returned a verdict finding the defendant 70% at fault and the plaintiff 30% at fault, the Civil Court awarded the defendant judgment as a matter of law and dismissed the complaint, finding that the plaintiff failed to prove a prima facie case. Upon the plaintiff's appeal, the Appellate Term reversed the order of the Civil Court, reinstated the verdict, and remitted the matter for a trial on the issue of damages. This Court granted the defendant's motion for leave to appeal, and we now reverse the order of the Appellate Term.

The Civil Court properly dismissed the complaint. Liability may not be imposed upon the defendant, a governmental entity exercising a governmental function, absent the existence of a special duty owed to the plaintiff, together with justifiable reliance thereon by the plaintiff to her detriment (*see, Bonner v City of New York,* 73 NY2d 930, 932; *Johnson v New York City Bd. of Educ.,* 249 AD2d 370). The plaintiff's status as a teacher is insufficient, without more, to create the requisite special duty. She was in the same position as every other school employee, and was an integral part of the safety procedures put in place for the children's protection (*see, Bisignano v City of New York,* 136 AD2d 671; *Thomas v City of New York,* 214 AD2d 724, 725). Bracken, J. P., Ritter, Santucci and Altman, JJ., concur.