■ Patrick Drysdale, Respondent, v Francis B. Evanac, Appellant. [715 NYS2d 656] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Rappaport, J.), dated June 30, 1999, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff raised a triable issue of fact (*see,* CPLR 3212 [b]) as to whether he sustained a serious injury within the meaning of Insurance Law § 5102 (d). Mangano, P. J., S. Miller, McGinity, Luciano and Smith, JJ., concur.

■ Susan Feinsilver, Appellant, v City of New York et al., Respondents. [715 NYS2d 441] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated November 10, 1999, which denied her motion pursuant to CPLR 3126 to strike the defendants' answer and granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court properly dismissed the complaint. Liability may not be imposed upon the defendants, which are governmental entities, absent the existence of a special duty together with justifiable reliance thereon by the plaintiff to her detriment (*see, Johnson v New York City Bd. of Educ.,* 249 AD2d 370). The plaintiff's status as a teacher is insufficient, without more, to create the requisite special duty, as she was in the same position as every other school employee (*see, Bisignano v City of New York,* 136 AD2d 671). Moreover, the mere hiring of security guards did not create a special duty to protect the plaintiff, as they were not hired specifically to protect her or a limited class of teachers of which she was a member (*see, Blanc v City of New York,* 223 AD2d 522, 524).

The plaintiff's remaining contentions are without merit. Mangano, P. J., S. Miller, McGinity, Luciano and Smith, JJ., concur.