■ DEBRA FIRESTEIN, Respondent, v IGOR GAVLYAYEV, Respondent, and NASSAU-BOCES, Appellant. [722 NYS2d 589] —In an action to recover damages for personal injuries, the defendant Nassau-BOCES appeals from an order of the Supreme Court, Nassau County (Honorof, J.), dated August 17, 2000, which denied its motion for summary judgment dismissing the complaint and any cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The plaintiff, a teacher employed in the Bethpage Senior High School, was injured when the defendant, Igor Gavlyayev, collided with her in a hallway. Gavlyayev was a hearing- and visually-impaired student who attended the Nassau-BOCES (hereinafter BOCES) program located in the high school. Liability may not be imposed upon BOCES, a municipal entity, "absent the existence of a special duty together with justifiable reliance thereon by the plaintiff to [his or] her detriment" (*Feinsilver v City of New York*, 277 AD2d 199; *see also, Sampson v Board of Educ.*, 255 AD2d 434; *Johnson v New York City Bd. of Educ.*, 249 AD2d 370; *Bisignano v City of New York*, 136 AD2d 671). "The plaintiff's status as a teacher is insufficient, without more, to create the requisite special duty, as she was in the same position as every other school employee" (*Feinsilver v City of New York, supra*, at 199; *see also, Sampson v Board of Educ., supra*; *Bisignano v City of New York, supra*). O'Brien, J. P., Friedmann, Goldstein and Smith, JJ., concur.