■ Barbara Reynolds, Respondent, v Central Islip Union Free School District et al., Respondents, and Eastern Suffolk Board of Cooperative Educational Services, Appellant. [751 NYS2d 850] —In an action to recover damages for personal injuries, the defendant Eastern Suffolk Board of Cooperative Educational Services appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County

(Oshrin, J.), dated September 14, 2001, as denied that branch of its motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, that branch of the motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against the appellant is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

Eastern Suffolk Board of Cooperative Educational Services (hereinafter BOCES) provides educational services for students of Central Islip School District (hereinafter the School District) at the Brookhaven Learning Center—a BOCES facility (hereinafter the Brookhaven facility). Suffolk Transportation Service shuttled the students to and from the Brookhaven facility pursuant to a contract between BOCES and the School District.

The plaintiff bus driver commenced this action against, among others, BOCES, after a student attending classes at the Brookhaven facility attacked her on the bus. Liability may not be imposed upon BOCES, a municipal entity, "absent the existence of a special duty together with justifiable reliance thereon by the plaintiff to her detriment" (*Feinsilver v City of New York,* 277 AD2d 199; *see also DiCosimo v Onondaga-Cortland-Madison Bd. of Coop. Educ. Servs.*, 294 AD2d 878; *Firestein v Gavlyayev,* 282 AD2d 430). Here, after BOCES made out a prima facie case for summary judgment establishing the absence of a special duty, the plaintiff failed to raise a triable issue of fact. Accordingly, the complaint and all cross claims insofar as asserted against BOCES should have been dismissed. O'Brien, J.P., Friedmann, H. Miller and Cozier, JJ., concur.