■ TINA GOGA et al., Respondents, v BINGHAMTON CITY SCHOOL DISTRICT, Appellant. [754 NYS2d 739] —Spain, J. Appeal from an order of the Supreme Court (Hester, Jr., J.), entered September 11, 2001 in Broome County, which denied defendant's motion to dismiss the complaint.

Plaintiff Tina Goga (hereinafter plaintiff), a school bus driver employed by Laidlaw Transit, Inc., and her husband, derivatively, commenced this action after plaintiff was injured on April 6, 2000 while breaking up a fight on her bus between two students. Defendant moved for dismissal of the complaint pursuant to CPLR 3211 (a) (7), asserting that it owed no duty to plaintiff. Supreme Court denied the motion and defendant appeals.

Plaintiff contends that, despite the fact that defendant had contracted out to Laidlaw the responsibility of transporting students, the students on plaintiff's bus sufficiently remained within defendant's control and custody so as to continue defendant's duty "to adequately supervise the students in [its] charge and [impose liability] for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49; *see Chainani v Board of Educ. of City of N.Y.*, 87 NY2d 370, 378-379 [holding that where school had contracted-out responsibility for transportation, the children were not in its custody during transport]; *cf. David XX. v Saint Catherine's Ctr. for Children*, 267 AD2d 813, 815 [invoking an exception to the general rule where school remains in the best position to minimize foreseeable risks]). The asserted common-law duty to exercise reasonable care in supervising students within a school's custody, however, arises

out of a school's "special duty owed to students" by virtue of the fact that the school, rather than the parent, has assumed physical custody of the child and, significantly, is a "duty owed by a school *to its students*" (*Pratt v Robinson*, 39 NY2d 554, 560 [emphasis supplied]).

*Pratt v Robinson* (*supra*) and all of the other cases relied upon by plaintiffs to establish a duty here involve the duty a school owes *to its students*. By contrast, plaintiff is not a student, but a member of the public injured as a result of defendant's alleged negligence in failing to supervise its students. Under such circumstances, because defendant is a governmental entity, it is incumbent on plaintiffs to demonstrate "a special relationship with [defendant], which creates a specific duty to protect [plaintiff], and [that plaintiff] justifiably relie[d] upon the performance of that duty" (*Perry v Board of Educ., Gouverneur Cent. School Dist.*, 189 AD2d 939, 940; *see Vitale v City of New York*, 60 NY2d 861, 863; *Glick v City of New York*, 53 AD2d 528, *affd* 42 NY2d 831). Unlike those situations where a governmental entity acts in a proprietary capacity—as a landowner or landlord—and thus is subject to liability under ordinary negligence theories, here the incident did not occur on school property and, in any event, the claimed negligence arises from the school's governmental function of supervising and policing its students (*see Bonner v City of New York*, 73 NY2d 930, 932-933; *Vitale v City of New York, supra* at 863; *cf. Rubino v City of New York*, 114 AD2d 243, 246-248).

"To invoke the 'special duty' exception to the rule that a public entity is not liable for the negligent performance of its governmental functions, 'a plaintiff must establish that, through affirmative acts, the municipality has lulled him or her into foregoing other available avenues of protection or that it has voluntarily assumed a duty separate from that which is owed to the public generally'" (*Perry v Board of Educ., Gouverneur Cent. School Dist., supra* at 940, quoting *Bishop v Bostick*, 141 AD2d 487, 488). As plaintiffs have failed to claim any basis for a special duty owed to plaintiff—a bus driver employed by a third party—or allege facts sufficient to demonstrate such a duty in the complaint, the action should have been dismissed for failure to state a cause of action (*see Vitale v City of New York, supra*; *Reynolds v Central Islip Union Free School Dist.*, 300 AD2d 292; *Firestein v Gavlyayev*, 282 AD2d 430; *Feinsilver v City of New York*, 277 AD2d 199; *Perry v Board of Educ., Gouverneur Cent. School Dist., supra*).

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, and complaint dismissed.