■ Edith Pendulik, Appellant, v East Hampton Union Free School District et al., Respondents, et al., Defendants. [792 NYS2d 583]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Dunn, J.), dated December 17, 2003, as granted the motion of the defendants East Hampton Union Free School District and John M. Marshall Elementary School for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, and the complaint is reinstated insofar as asserted against the respondents.

The 80-year-old plaintiff was invited into the "multi-purpose room" of the John M. Marshall Elementary School to attend an awards ceremony for her grandson's class. She was injured when a third-grade student who was attending a physical education class simultaneously conducted in the same room backed into her and knocked her over while he and a friend were playing catch with a ball.

We agree with the respondents that the plaintiff cannot recover against them based upon a theory of negligent supervision of students, since the plaintiff failed to establish the existence of a special duty owed to her by the respondents (see Goga v Binghamton City School Dist., 302 AD2d 650 [2003]; Firestein v Gavlyayev, 282 AD2d 430 [2001]; Feinsilver v City of New York, 277 AD2d 199 [2000]; Sampson v Board of Educ. of City of N.Y., 255 AD2d 434 [1998]). However, in opposition to the respondents' prima facie showing of entitlement to summary judgment, the plaintiff raised triable issues of fact as to whether the respondents were negligent in scheduling a physical education class and an awards ceremony simultaneously in the same room, and whether, under the circumstances, school personnel adequately monitored the activities in the room so as to prevent foreseeable injuries to invited guests such as the plaintiff (see generally Morbillo v Board of Educ. of Mt. Sinai School Dist., 269 AD2d 506 [2000]; Griffin v County of Orange, 210 AD2d

585 [1994]; *Rotz v City of New York*, 143 AD2d 301 [1988]). Cozier, J.P., S. Miller, Mastro and Skelos, JJ., concur.