MILTON MORENO, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendant. [813 NYS2d 143]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated April 5, 2005, as granted the cross motion of the defendants the City of New York and the New York City Board of Education for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, a teacher, was assaulted by a student while on lunchroom duty at an intermediate school in Brooklyn. He subsequently commenced this action against, among others, the City of New York and the New York City Board of Education (hereinafter collectively the defendants), alleging that they negligently failed to protect him from the student who assaulted him.

Liability may not be imposed upon a municipality or governmental entity for the breach of a duty owed generally to persons in the school system or members of the public unless a special duty exists (*see Vitale v City of New York*, 60 NY2d 861, 863 [1983]; *Johnson v New York City Bd. of Educ.*, 249 AD2d 370 [1998]; *Bisignano v City of New York*, 136 AD2d 671 [1988]).

The elements of a special relationship which will give rise to such a special duty are (1) the assumption by the municipality or governmental entity through promises or actions of an affirmative duty to act on behalf of the injured party, (2) knowledge on the part of the municipality or governmental entity that inaction could lead to harm, (3) some form of direct contact between the agents of the municipality or governmental entity and the injured party, and (4) justifiable reliance by the injured party on this affirmative undertaking (*see Mastroianni v County of Suffolk*, 91 NY2d 198, 203 [1997]; *Cuffy v City of New York*, 69 NY2d 255, 260 [1987]).

Here, the defendants established their prima facie entitlement to summary judgment by submitting evidence which demonstrated that a special relationship did not exist because their agents did not affirmatively assume a duty to act on the plaintiff's behalf, and were not aware that inaction could lead to harm. In response, the plaintiff failed to raise a triable issue of fact as to whether a special relationship existed. Accordingly, the Supreme Court properly granted the defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them (*see Vandewinckel v Northport/East Northport Union Free School Dist.*, 24 AD3d 432 [2005]; *Morabito v Anchor Sec. & Investigation*, 283 AD2d 557 [2001]; *Johnson v New York City Bd. of Educ., supra*; *Blanc v City of New York*, 223 AD2d 522 [1996]; *Verra v City of New York*, 217 AD2d 577 [1995]). Prudenti, P.J., Krausman, Mastro and Fisher, JJ., concur.