■ DIANA HALLOCK, Respondent, v RIVERHEAD CENTRAL SCHOOL DISTRICT, Appellant. [861 NYS2d 753]—

In an action, inter alia, to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated July 24, 2007, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, without costs or disbursements, and the defendant's motion for summary judgment dismissing the complaint is granted.

"In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury . . . that is, that the third-party acts could reasonably have been anticipated" (*Mirand v City of New York,* 84 NY2d 44, 49 [1994]; *see Whitfield v Board of Educ. of City of Mount Vernon,* 14 AD3d 552 [2005]). Here, the defendant established its prima facie entitlement to judgment as a matter of law by submitting evidence that it had no actual or constructive notice or knowledge of alleged misconduct on the school bus and at the school (*see Corona v Suffolk Transp. Serv., Inc.,* 29 AD3d 726, 727 [2006]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted.

The defendant's remaining contention has been rendered academic. Rivera, J.P., Ritter, Miller and Dillon, JJ., concur.