WILLIE STINSON, Appellant, v ROOSEVELT U.F.S.D., Respondent. [877 NYS2d 400]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Woodard, J.), dated September 14, 2007, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court entered October 16, 2007, which, upon the order, is in favor of the defendant and against him dismissing the complaint. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff, a security guard employed by a private security company, was assigned to provide security at Roosevelt Junior/Senior High School, which is administered by the defendant school district. The plaintiff allegedly sustained personal injuries on November 9, 2004, when he intervened in an altercation between students at the school. He subsequently commenced the instant action, alleging that his injuries were proximately caused by the defendant's negligent supervision of its students.

Although the defendant owed a duty to its students to adequately supervise them to prevent foreseeable injuries to fellow students (*see Mirand v City of New York,* 84 NY2d 44, 49 [1994]; *Hallock v Riverhead Cent. School Dist.,* 53 AD3d 527 [2008]), that duty, which is derived from the fact that the school is acting in loco parentis for the students (*id.; see Garcia v City of New York,* 222 AD2d 192, 195 [1996]), does not extend to adults on the premises (*see Pendulik v East Hampton Union Free School Dist.,* 17 AD3d 334 [2005]; *Goga v Binghamton City*

*School Dist.*, 302 AD2d 650 [2003]; *Meyers v City of New York,* 230 AD2d 691 [1996]; *see also Ellis v Mildred Elley School,* 245 AD2d 994 [1997]). Liability thus may not be imposed upon the defendant "absent the existence of a special duty together with justifiable reliance thereon by the plaintiff to [his] detriment" (*Reynolds v Central Islip Union Free School Dist.,* 300 AD2d 292, 293 [2002]; *see Vitale v City of New York,* 60 NY2d 861 [1983]). In the instant case, the defendant established, prima facie, that it did not assume a special duty to the plaintiff, and thus established its prima facie entitlement to judgment as a matter of law. In opposition to this showing, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contentions are without merit. Mastro, J.P., Florio, Eng and Chambers, JJ., concur. [*See* 17 Misc 3d 1118(A), 2007 NY Slip Op 52052(U).]