In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ash, J.), dated April 18, 2012, which granted the defendants’ motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
In 2008, while employed by the New York City Department of Education (hereinafter the Department) as a school social worker, the plaintiff allegedly was injured when two kindergarten students collided with her in a school hallway. The plaintiff commenced this action against the Department and the City of New York, alleging negligent supervision. The Supreme Court granted the defendants’ motion for summary judgment dismissing the complaint. The plaintiff appeals.
A school district may not be held liable for the negligent performance of its governmental function of supervising children in its charge, at least in the absence of a special duty to the person injured (see Dinardo v City of New York, 13 NY3d 872, 874 [2009]; Kochanski v City of New York, 76 AD3d 1050, 1052 *850 [2010]; Stinson v Roosevelt U.F.S.D., 61 AD3d 847, 847-848 [2009]; Goga v Binghamton City School Dist., 302 AD2d 650, 651 [2003]). Under the doctrine that a school district acts in loco parentis with respect to its minor students, a school district owes a “special duty” to the students themselves (Pratt v Robinson, 39 NY2d 554, 560 [1976]; see Mirand v City of New York, 84 NY2d 44, 49 [1994]; Stinson v Roosevelt U.F.S.D., 61 AD3d at 847-848; cf. Williams v Weatherstone, 23 NY3d 384, 403 [2014]). Accordingly, a school district may be held liable to a student when it breaches that duty, so long as all other necessary elements of a negligence cause of action are established (see Braunstein v Half Hollow Hills Cent. Sch. Dist., 104 AD3d 893, 894 [2013]). The special duty owed to the students themselves does not, however, extend, as a general matter, to teachers, administrators, and other adults on or off of school premises (see Stinson v Roosevelt U.F.S.D., 61 AD3d at 847-848; Goga v Binghamton City School Dist., 302 AD2d at 650-651; Sampson v Board of Educ. of City of N.Y., 255 AD2d 434, 435 [1998]; cf. Kochanski v City of New York, 76 AD3d 1050 [2010]).
Here, the defendants established, prima facie, that they did not owe the plaintiff a special duty (see Stinson v Roosevelt U.F.S.D., 61 AD3d at 847-848). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiffs contention, it is irrelevant that, unlike other school personnel, she did not personally have an obligation to implement any portion of the school’s safety procedures (see generally Pendulik v East Hampton Union Free School Dist., 17 AD3d 334, 335 [2005]). We need not determine whether, in supervising their students, the defendants were performing a ministerial, as opposed to a discretionary, function (see Dinardo v City of New York, 13 NY3d at 874; Kochanski v City of New York, 76 AD3d at 1051).
Accordingly, the Supreme Court properly granted the defendants’ motion for summary judgment dismissing the complaint (see Stinson v Roosevelt U.F.S.D., 61 AD3d at 848).
Balkin, J.E, Lott, Austin and Miller, JJ., concur.