■ ANNA MARIA THOMAS, Appellant, v NEW YORK CITY DE-PARTMENT OF EDUCATION et al., Respondents. [2 NYS3d 178]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ash, J.), dated November 15, 2013, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, a teacher in a New York City high school, alleges that she was injured when she was assaulted by a student at the school. She contends that the defendants breached a duty of care in failing to remove the student from classes at the school and in failing to protect her from the student. After depositions had been conducted, the defendants moved for summary judgment dismissing the complaint, contending that there was no special relationship between them and the plaintiff, and therefore, they did not owe her a duty of care. The Supreme Court granted the defendants' motion.

A special relationship of a municipality to a person "can be formed in three ways: (1) when the municipality violates a statutory duty enacted for the benefit of a particular class of persons; (2) when it voluntarily assumes a duty that generates justifiable reliance by the person who benefits from the duty; or (3) when the municipality assumes positive direction and control in the face of a known, blatant and dangerous safety violation" (*Pelaez v Seide*, 2 NY3d 186, 199-200 [2004] [citation omitted]).

Here, the defendants established, prima facie, their entitlement to judgment as a matter of law by demonstrating that they did not voluntarily assume a duty toward the plaintiff that generated her justifiable reliance (*see Dinardo v City of New York*, 13 NY3d 872, 874 [2009]; *Ferguson v City of New York*, 118 AD3d 849 [2014]; *Rivera v Board of Educ. of the City of N.Y.*, 82 AD3d 614 [2011]; *Stinson v Roosevelt U.F.S.D.*, 61 AD3d 847 [2009]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether a special relationship was formed by the defendants' voluntary assumption of a duty that generated justifiable reliance. Furthermore, the plaintiff does not allege that a special relationship was formed because the defendants violated any statutory duty, or assumed positive direction and control in the face of a known, blatant, and dangerous safety violation (*see Pelaez v Seide*, 2 NY3d at 199-200).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Skelos, Roman and Miller, JJ., concur.