■ BETTY BRUMER, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendant. [18 NYS3d 149]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Landicino, J.), dated July 5, 2013, which granted that branch of the motion of the defendants City of New York, New York City Department of Education, principal Douglas Avila, and assistant principal Joseph Simione which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that order is affirmed, with costs.

The plaintiff, a fourth grade teacher at a public school in Brooklyn, alleges that she was injured when she was assaulted by one of her students. According to the plaintiff, the student had been restrained by a school security guard after engaging in a fight with another boy during a fire drill. Although the security guard escorted the student away from the rest of the

class, the student subsequently returned to the scene and began fighting again. The plaintiff alleges that during this second episode, the student hit her, causing her to fall to the ground and sustain injuries.

The plaintiff commenced this action, inter alia, to recover damages for personal injuries. After depositions were conducted, the defendants City of New York, New York City Department of Education, principal Douglas Avila, and assistant principal Joseph Simione (hereinafter collectively the school defendants) moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, contending that there was no special relationship between them and the plaintiff, and, as such, that they did not owe her a duty of care. The Supreme Court granted that branch of the school defendants' motion.

A school district may not be held liable for the negligent performance of its governmental function of supervising children in its charge, at least in the absence of a special duty to the person injured (*see Dinardo v City of New York*, 13 NY3d 872, 874 [2009]; *Ferguson v City of New York*, 118 AD3d 849 [2014]; *Stinson v Roosevelt U.F.S.D.*, 61 AD3d 847, 847-848 [2009]; *Moreno v City of New York*, 27 AD3d 536, 536-537 [2006]). Although a school district owes a special duty to its minor students, that duty does not extend to teachers, administrators, or other adults on or off school premises (*see Ferguson v City of New York*, 118 AD3d at 850; *Stinson v Roosevelt U.F.S.D.*, 61 AD3d at 847-848).

With regard to teachers, administrators, or other adults on or off school premises, a special relationship with a municipal defendant can be formed in three ways: " '(1) when the municipality violates a statutory duty enacted for the benefit of a particular class of persons; (2) when it voluntarily assumes a duty that generates justifiable reliance by the person who benefits from the duty; or (3) when the municipality assumes positive direction and control in the face of a known, blatant and dangerous safety violation' " (*Thomas v New York City Dept. of Educ.*, 124 AD3d 762, 763 [2015], quoting *Pelaez v Seide*, 2 NY3d 186, 199-200 [2004]).

Here, as the Supreme Court correctly concluded, the school defendants established, prima facie, that they did not owe the plaintiff a special duty (*see Thomas v New York City Dept. of Educ.*, 124 AD3d at 763; *Ferguson v City of New York*, 118 AD3d at 850; *Stinson v Roosevelt U.F.S.D.*, 61 AD3d at 847-848). The plaintiff, in opposition, failed to raise a triable issue of fact in this regard (*see Thomas v New York City Dept. of Educ.*, 124

AD3d at 763; *Ferguson v City of New York*, 118 AD3d at 850; *Moreno v City of New York*, 27 AD3d at 536-537). As no special duty existed, we need not consider whether, in supervising the students, the school defendants were performing a discretionary function which would avail them of the governmental immunity defense (*see Valdez v City of New York*, 18 NY3d 69, 75-76 [2011]; *Dinardo v City of New York*, 13 NY3d at 874; *Ferguson v City of New York*, 118 AD3d at 850).

Accordingly, the Supreme Court properly granted that branch of the school defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them (*see Ferguson v City of New York*, 118 AD3d at 850; *Moreno v City of New York*, 27 AD3d at 536-537). Hall, J.P., Austin, Sgroi and Hinds-Radix, JJ., concur.