■ THOMAS GUERRIERI et al., Appellants, v NEW YORK CITY DEPARTMENT/BOARD OF EDUCATION, Respondent, et al., Defendants. (And a Third-Party Action.) [18 NYS3d 697]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Aliotta, J.), dated August 16, 2013, which granted the motion of the defendant New York City Department/Board of Education for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff Thomas Guerrieri (hereinafter the injured plaintiff) was employed as a school bus driver by an independent contractor that contracted with the New York City Department/Board of Education (hereinafter the defendant) to provide transportation services to the defendant's students. In 2002 the injured plaintiff allegedly was assaulted by one of the defendant's students while he was transporting that student. The injured plaintiff, and his wife suing derivatively, commenced this action against, among others, the defendant. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiffs appeal.

"Liability for a claim that a municipality negligently exercised a governmental function 'turns upon the existence of a special duty to the injured person, in contrast to a general duty owed to the public' " (*Coleson v City of New York*, 24 NY3d 476, 481 [2014], quoting *Garrett v Holiday Inns*, 58 NY2d 253, 261 [1983]). While a school district owes a special duty to its students to adequately supervise them to prevent foreseeable injuries to fellow students, that duty does not extend to adults (*see Ferguson v City of New York*, 118 AD3d 849, 850 [2014]; *Stinson v Roosevelt U.F.S.D.*, 61 AD3d 847 [2009]). Here, the defendant demonstrated its prima facie entitlement to judgment as a matter of law by establishing that it did not owe the injured plaintiff a special duty (*see Ferguson v City of New York*, 118 AD3d at 850; *Stinson v Roosevelt U.F.S.D.*, 61 AD3d at 847; *Goga v Binghamton City School Dist.*, 302 AD2d 650, 651 [2003]; *Reynolds v Central Islip Union Free School Dist.*, 300 AD2d 292, 293 [2002]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it. Rivera, J.P., Balkin, Leventhal and Dickerson, JJ., concur.