■ Ralph Giordanella, Appellant, v City of New York et al., Respondents. [20 NYS3d 658]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), entered July 18, 2014, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the City of New York.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, an employee of the City of New York Department of Sanitation, allegedly was injured when a participant in a community service program working with him assaulted him with a rake. The Supreme Court granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant City of New York on the basis of the governmental immunity defense, on the ground that the plaintiff failed to establish the existence of a special duty owed by the City to him.

Contrary to the plaintiff's contentions, it is clear that the gravamen of his allegations involve the failure to provide proper security. The provision of security against physical attacks by third parties as alleged in this case is a governmental function, and no liability arises from the performance of such a function absent, among other things, a special duty owed to the plaintiff (*see Bonner v City of New York*, 73 NY2d 930, 932 [1989]; *Brumer v City of New York*, 132 AD3d 795 [2015]; *Stinson v Roosevelt U.F.S.D.*, 61 AD3d 847, 848 [2009]; *Akinwande v City of New York*, 260 AD2d 586 [1999]; *Marilyn S. v City of New York*, 134 AD2d 583 [1987], *affd* 73 NY2d 910 [1989]). Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against the City by demonstrating that the City had no special duty to the plaintiff. Specifically, the defendants established, prima facie, that the City did not voluntarily assume such a duty to the plaintiff. In opposition, the plaintiff failed to raise a triable issue of fact.

Further, the defendants established, prima facie, that the City did not owe a statutory duty to the plaintiff pursuant to Labor Law § 27-a, which applies to " 'recognized hazards that are causing or are likely to cause death or serious physical harm to its employees' " and directs the employer to comply with health and safety regulations (*Gammons v City of New York*, 24 NY3d 562, 570 [2014], quoting Labor Law § 27-a [3] [a]). The purpose of this provision is to extend the protection of

the Federal Occupational Safety and Health Act to public employees (*see Gammons v City of New York*, 24 NY3d at 572) and it is not applicable to these facts (*see Voss v City of New York*, 2014 NY Slip Op 32369[U] [Sup Ct, Bronx County 2014]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the City. Balkin, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.