■ MIDGALIA DESTEFANO, Appellant, v CITY OF NEW YORK et al., Respondents. [52 NYS3d 374]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Partnow, J.), entered July 20, 2015, which, upon the granting of the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law, made at the close of evidence on the issue of liability, is in favor of the defendants and against her dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff, a bus matron for a company that provided transportation for students to a public school in Brooklyn, allegedly was injured when a 12-year-old student grabbed the steering wheel of the bus, causing the bus driver to brake suddenly and the plaintiff to fall. The plaintiff commenced this action to recover damages for personal injuries against the City of New York and the New York City Board of Education. The matter proceeded to a jury trial, and at the close of evidence on the issue of liability, the defendants moved pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint. The Supreme Court granted the defendants' motion, and judgment was entered accordingly.

"To be awarded judgment as a matter of law pursuant to CPLR 4401, a defendant must show that, upon viewing the evidence in the light most favorable to the plaintiff, there is no rational basis by which the jury could find for the plaintiff against the moving defendant" (*Seitz v TJX Cos., Inc.*, 119 AD3d 669, 670 [2014]; *see Luna v Spadafora*, 127 AD3d 933, 935 [2015]; *Stewart v Heralall*, 116 AD3d 760, 760 [2014]; *Farrukh v Board of Educ. of City of N.Y.*, 227 AD2d 440 [1996]). "The plaintiff's evidence must be accepted as true, and the plaintiff is entitled to every favorable inference that can be reasonably drawn therefrom" (*Stewart v Heralall*, 116 AD3d at 760; *see Wong v Tang*, 2 AD3d 840, 840 [2003]; *Farrukh v Board of Educ. of City of N.Y.*, 227 AD2d at 440).

A school district may not be held liable for the negligent performance of its governmental function of supervising children in its charge in the absence of a special duty to the person injured (*see Dinardo v City of New York*, 13 NY3d 872, 874 [2009]; *Ferguson v City of New* York, 118 AD3d 849 [2014]; *Stinson v Roosevelt U.F.S.D.*, 61 AD3d 847, 847-848 [2009]; *Goga v Binghamton City School Dist.*, 302 AD2d 650, 651 [2003]). Although a school district owes a special duty to its minor students, that duty does not extend to teachers, administrators, or other adults on or off school premises (*see*

*Ferguson v City of New York*, 118 AD3d at 850; *Stinson v Roosevelt U.F.S.D.*, 61 AD3d at 847-848). Such a duty is "born of a special relationship between the plaintiff and the governmental entity" (*Pelaez v Seide*, 2 NY3d 186, 198-199 [2004]).

With regard to teachers, administrators, or other adults on or off school premises, a special relationship with a municipal defendant can be formed in three ways: "(1) when the municipality violates a statutory duty enacted for the benefit of a particular class of persons; (2) when it voluntarily assumes a duty that generates justifiable reliance by the person who benefits from the duty; or (3) when the municipality assumes positive direction and control in the face of a known, blatant and dangerous safety violation" (*id.* at 199-200; *see Applewhite v Accuhealth, Inc.*, 21 NY3d 420, 426 [2013]; *McLean v City of New York*, 12 NY3d 194, 199 [2009]; *Cuffy v City of New York*, 69 NY2d 255, 260 [1987]; *Giresi v City of New York*, 125 AD3d 601 [2015]).

A special relationship based upon a duty voluntarily assumed by the municipality requires proof of the following four elements: "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" (*Cuffy v City of New York*, 69 NY2d at 260; *see Valdez v City of New York*, 18 NY3d 69, 80 [2011]; *Dinardo v City of New York*, 13 NY3d at 873; *Katz v Town of Clarkstown, N.Y.*, 120 AD3d 632 [2014]). Moreover, "[t]he assurance by the municipal defendant must be definite enough to generate justifiable reliance by the plaintiff" (*Dinardo v City of New York*, 13 NY3d at 874).

Here, affording the plaintiff every inference that may properly be drawn from the evidence presented, and considering the evidence in a light most favorable to her, there is no rational process by which the jury could have found that a special relationship was formed between the plaintiff and the defendants (*see id.*).

Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint. Leventhal, J.P., Sgroi, Hinds-Radix and LaSalle, JJ., concur.