Juerss v Millbrook Cent. Sch. Dist. (2018 NY Slip Op 03518)





Juerss v Millbrook Cent. Sch. Dist.


2018 NY Slip Op 03518


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-03518
 (Index No. 2272/15)

[*1]Anne Juerss, etc., et al., appellants, 
v
Millbrook Central School District, et al., respondents.


Bergstein and Ullrich, LLP, Chester, NY (Stephen Bergstein and Michael Mazzariello of counsel), for appellants.
Silverman & Associates, White Plains, NY (Lewis R. Silverman, Caroline B. Lineen, and Karen C. Rudnicki of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated November 9, 2015. The order granted the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint and denied the plaintiffs' cross motion pursuant to CPLR 3025(b) for leave to serve an amended complaint.
ORDERED that the order is affirmed, with costs.
On May 6, 2014, the plaintiffs' decedent was suspended from Millbrook Middle School after the school's principal concluded that the decedent had engaged in an act of student misconduct. That evening, the decedent committed suicide. Thereafter, the plaintiffs, as administrators of the decedent's estate, commenced this action, inter alia, to recover damages for wrongful death against the school's principal, Millbrook Central School District, and the Board of Education of Millbrook Central School District. The plaintiffs alleged that the decedent's suicide was caused by the defendants' negligent investigation into the allegation of student misconduct and their negligent training of school staff in investigative procedures.
The defendants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action. The plaintiffs cross-moved pursuant to CPLR 3025(b) for leave to serve an amended complaint. The Supreme Court granted the defendants' motion and denied the plaintiffs' cross motion. The plaintiffs appeal.
In considering a motion to dismiss pursuant to CPLR 3211(a)(7), "the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" (Guggenheimer v Ginzburg, 43 NY2d 268, 275). "[T]he pleading must be liberally construed, the factual allegations must be deemed true, and the pleading party must be accorded the benefit of every possible favorable inference" (Michaan v Gazebo Hort., Inc., 117 AD3d 692, 692; see Leon v Martinez, 84 NY2d 83, 87).
Applying these principles here, we agree with the Supreme Court's determination to grant the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint. New York does not recognize a cause of action sounding in negligent investigation (see Hines v City of New York, 142 AD3d 586, 587; Medina v City of New York, 102 AD3d 101, 108; Mislin v City of Tonawanda School Dist., 72 AD3d 1627). Moreover, "a claim for negligent training in investigative procedures is akin to a claim for negligent investigation or prosecution, which is not actionable in New York" (Brown v State of New York, 45 AD3d 15, 26 [internal quotation marks omitted]; see Russ v State Empls. Fed. Credit Union [SEFCU], 298 AD2d 791, 793).
The Supreme Court providently exercised its discretion in denying the plaintiffs' cross motion for leave to serve an amended complaint. Although leave to amend a pleading should be freely given in the absence of prejudice or surprise to the opposing party (see CPLR 3025[b]), the motion should be denied where the proposed amendment is palpably insufficient or patently devoid of merit (see APF Mgt. Co., LLC v Munn, 151 AD3d 668, 670; Mastrokostas v 673 Madison, LLC, 109 AD3d 459, 460). Here, the proposed amendment was palpably insufficient and, thus, we agree with the court's determination to deny the cross motion (see Moreno v City of New York, 27 AD3d 536, 537).
RIVERA, J.P., AUSTIN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court