Wilson v New York City Bd. of Educ. (2018 NY Slip Op 08534)





Wilson v New York City Bd. of Educ.


2018 NY Slip Op 08534


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-03393
 (Index No. 100979/14)

[*1]Judith Wilson, appellant, 
v
New York City Board of Education, et al., respondents.


Krentsel & Guzman, LLP (Pollack, Pollack, Isaac & De Cicco, LLP, New York, NY [Brian J. Isaac, Jillian Rosen, and Brianna Walsh], of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Devin Slack and Elizabeth I. Freedman of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated February 26, 2016, which granted the converted motion of the defendants New York City Board of Education and City of New York for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff, an elementary school principal, allegedly was injured when a 12-year-old student grabbed a cell phone from the plaintiff's hand. The plaintiff commenced this action to recover damages for personal injuries against the New York City Board of Education and the City of New York, alleging that a school safety officer failed to adequately protect her. After discovery, the defendants made a motion pursuant to CPLR 3211 to dismiss the complaint, which the Supreme Court converted to a motion for summary judgment. The court granted the defendants' converted motion, and the plaintiff appeals.
A school district may not be held liable for the negligent performance of its governmental function of supervising children in its charge in the absence of a special duty to the person injured (see Dinardo v City of New York, 13 NY3d 872, 874; Ferguson v City of New York, 118 AD3d 849; Stinson v Roosevelt U.F.S.D., 61 AD3d 847, 847-848; Goga v Binghamton City School Dist., 302 AD2d 650, 651). There are three ways in which a special relationship with a municipal defendant can be formed with teachers, administrators, or other adults on or off school premises: "(1) when the municipality violates a statutory duty enacted for the benefit of a particular class of persons; (2) when it voluntarily assumes a duty that generates justifiable reliance by the person who benefits from the duty; or (3) when the municipality assumes positive direction and control in the face of a known, blatant and dangerous safety violation" (Abrahams v City of Mount Vernon, 152 AD3d 632, 634 [internal quotation marks omitted]; see Cuffy v City of New York, 69 NY2d 255, 260; Giresi v City of New York, 125 AD3d 601).
A special relationship based upon a duty voluntarily assumed by the municipality requires proof of the following four elements: "(1) an assumption by the municipality, through [*2]promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" (Cuffy v City of New York, 69 NY2d at 260; see Valdez v City of New York, 18 NY3d 69, 80; Dinardo v City of New York, 13 NY3d at 874; Katz v Town of Clarkstown, N.Y., 120 AD3d 632). Moreover, "[t]he assurance by the municipal defendant must be definite enough to generate justifiable reliance by the plaintiff" (Dinardo v City of New York, 13 NY3d at 874).
Here, the defendants established, prima facie, that they did not owe the plaintiff a special duty (see Brumer v City of New York, 132 AD3d 795, 796-797; Ferguson v City of New York, 118 AD3d at 850). The plaintiff, in opposition, failed to raise a triable issue of fact (see Brumer v City of New York, 132 AD3d at 796-797; Thomas v New York City Dept. of Educ., 124 AD3d 762, 763; Ferguson v City of New York, 118 AD3d at 850).
Accordingly, we agree with the Supreme Court's determination granting the defendants' converted motion for summary judgment dismissing the complaint (see Ferguson v City of New York, 118 AD3d at 850).
ROMAN, J.P., MILLER, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court