Koyko v City of New York (2020 NY Slip Op 07182)





Koyko v City of New York


2020 NY Slip Op 07182


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2018-13612 
2018-13649
 (Index No. 514247/15)

[*1]Georgiy Koyko, etc., respondent-appellant,
v
City of New York, et al., appellants-respondents.


James E. Johnson, Corporation Counsel, New York, NY (Jeremy W. Shweder and Anna B. Wolonciej of counsel), for appellants-respondents.
Palant & Shapiro, P.C., New York, NY (Alexander Shapiro of counsel), for respondent-appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, etc., the defendants appeal from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated October 12, 2018, and an amended order of the same court dated October 15, 2018, and the plaintiff cross-appeals from the amended order. The order and the amended order denied the defendants' motion, in effect, for summary judgment dismissing the complaint and granted the plaintiff's cross motion for leave to amend the complaint.
ORDERED that the appeal from the order is dismissed, as that order was superseded by the amended order; and it is further,
ORDERED that the cross appeal from the amended order is dismissed, as the plaintiff is not aggrieved by that order (see CPLR 5511); and it is further,
ORDERED that the amended order is reversed, on the law, the defendants' motion, in effect, for summary judgment dismissing the complaint is granted, and the plaintiff's cross motion for leave to amend the complaint is denied; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The plaintiff, individually and as administrator of the estate of his wife, Marina Koyko (hereinafter the decedent), commenced this action, inter alia, to recover damages for wrongful death against the defendants. The plaintiff alleged, among other things, that the defendants were negligent in their provision of emergency medical services to the decedent. The defendants moved, in effect, for summary judgment dismissing the complaint. The plaintiff cross-moved for leave to amend the complaint. In an amended order dated October 15, 2018, the Supreme Court denied the defendants' motion and granted the plaintiff's cross motion. The defendants appeal.
Where it is determined that an agency of the government was exercising a governmental function at the time of the alleged negligence, a municipality may not be held liable [*2]unless it owed a special duty to the injured party (see Applewhite v Accuhealth, Inc., 21 NY3d 420, 425; Estate of Gail Radvin v City of New York, 119 AD3d 730, 732). Here, we agree with the Supreme Court's determination that the defendants were engaged in a governmental function as a provider of emergency medical services pursuant to a municipal emergency response 911 system such that the defendants could not be held liable to the plaintiff unless they owed the plaintiff or the decedent a special duty (see Applewhite v Accuhealth, Inc., 21 NY3d at 426; Halberstam v Port Auth. of N.Y. & N.J., 175 AD3d 1264, 1266).
Such a special duty can arise, as relevant here, where "the government entity voluntarily assumed a duty to the plaintiff beyond what was owed to the public generally" (Applewhite v Accuhealth, Inc., 21 NY3d at 426). A municipality will be held to have voluntarily assumed a special duty where there is: "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" (Cuffy v City of New York, 69 NY2d 255, 260; see Halberstam v Port Auth. of N.Y. & N.J., 175 AD3d at 1266). Of the four factors, the "justifiable reliance" element is particularly "critical because it provides the essential causative link between the special duty assumed by the municipality and the alleged injury" (Valdez v City of New York, 18 NY3d 69, 81 [internal quotation marks omitted]).
Here, the defendants established, prima facie, that they did not owe a special duty to the plaintiff (see Holloway v City of New York, 141 AD3d 688, 690). Even assuming that the defendants assumed an affirmative duty to act on behalf of the decedent, the defendants demonstrated, prima facie, that the decedent and the plaintiff did not rely to their detriment on the defendants' affirmative undertaking, and, in opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff submitted affidavits stating that he could have taken the decedent by car to a nearby hospital or called a private ambulance service, instead of waiting for medical assistance from the defendants. However, on this record, it cannot be said that the plaintiff was induced by the defendants' agents to forgo these alternative avenues to transport the decedent to the hospital or that reliance on the defendants placed the decedent in a worse position than she would have been in if they never assumed the duty to help (see Halberstam v Port Auth. of N.Y. & N.J., 175 AD3d at 1267; Dixon v Village of Spring Val., 50 AD3d 943, 944).
Further, in view of our determination that no special duty existed, the plaintiff's cross motion for leave to amend the complaint should have been denied (see CPLR 3025[b]; cf. Freeman v City of New York, 111 AD3d 780, 782-783).
Accordingly, the Supreme Court should have granted the defendants' motion, in effect, for summary judgment dismissing the complaint and denied the plaintiff's cross motion for leave to amend the complaint.
MASTRO, J.P., LEVENTHAL, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court