Villa-Lefler v Department of Educ. of the City of N.Y. (2024 NY Slip Op 02343)

Villa-Lefler v Department of Educ. of the City of N.Y. 

2024 NY Slip Op 02343

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2022-02432
 (Index No. 1307/11)

[*1]Dianna Villa-Lefler, respondent, 
v
Department of Education of the City of New York, et al., appellants.

Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Elina Druker and Antonella Karlin of counsel), for appellants.
The Berkman Law Office, LLC, Brooklyn, NY (Kenneth A. Leitner of counsel), for respondent (no brief filed).

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Katherine Levine, J.), dated February 23, 2022. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.
The plaintiff, an administrative dean at a high school located in Brooklyn, commenced this action against the defendants to recover damages for personal injuries she allegedly sustained in October 2009 when she was attacked by a student in a hallway at the school. The plaintiff alleged, inter alia, that the defendants were negligent in failing to provide adequate security. The defendants moved for summary judgment dismissing the complaint, contending that they could not be held liable as they did not owe a special duty of care to the plaintiff. The plaintiff opposed the motion. In an order dated February 23, 2022, the Supreme Court denied the defendants' motion. The defendants appeal.
"Absent the existence of a special relationship between the defendants and the . . . plaintiff, liability may not be imposed on the defendants for a breach of a duty owed generally to persons in the school system and members of the public" (Morgan-Word v New York City Dept. of Educ., 161 AD3d 1065, 1067; see Vitale v City of New York, 60 NY2d 861, 863). To succeed on a cause of action sounding in negligence, the plaintiff must establish that the defendants owed her a special duty of care (see Ferreira v City of Binghamton, 38 NY3d 298, 317; Wilson v New York City Bd. of Educ., 167 AD3d 820, 820; Destefano v City of New York, 149 AD3d 696, 697).
A plaintiff may demonstrate that a special relationship exists by showing, among other things, that the municipality "voluntarily assume[d] a duty that generate[d] justifiable reliance by the person who benefits from the duty," or that "the municipality assume[d] positive direction and control in the face of a known, blatant and dangerous safety violation" (Wilson v New York City Bd. of Educ., 167 AD3d at 820 [internal quotation marks omitted]; see Thomas v New York City Dept. of Educ., 124 AD3d 762, 763). A special relationship based upon a duty voluntarily assumed by the municipality requires proof of the following: "'(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form [*2]of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking'" (Boland v City of New York, 209 AD3d 960, 961, quoting Watts v City of New York, 186 AD3d 1577, 1578; see Koyko v City of New York, 189 AD3d 811, 812; Wilson v New York City Bd. of Educ., 167 AD3d at 820-821).
Here, the defendants established, prima facie, that they did not owe a special duty of care to the plaintiff (see Koyko v City of New York, 189 AD3d at 812; Morgan-Word v New York City Dept. of Educ., 161 AD3d at 1068; Destefano v City of New York, 149 AD3d at 698). The defendants' submissions demonstrated that they did not voluntarily assume a duty toward the plaintiff. The defendants did not make any promises to the plaintiff or take any actions regarding security protocols in the school that amounted to an affirmative undertaking of protection by them on her behalf, nor could the plaintiff have justifiably relied on any such actions (see Vitale v City of New York, 60 NY2d at 863; Wilson v New York City Board of Education, 167 AD3d at 821; Morgan-Word v New York City Dept. of Educ., 161 AD3d at 1068). Notably, the plaintiff testified at her deposition that she had no reason to fear the student who allegedly assaulted her. The plaintiff also testified that, prior to the incident, the student had never made any threats toward her and she never asked the school to provide her with protection from the student. Moreover, the defendants did not take positive direction and control in the face of a known, blatant, and dangerous safety violation (see Sutton v City of New York, 119 AD3d 851, 852-853).
In opposition, the plaintiff failed to raise a triable issue of fact.
Since the defendants did not owe the plaintiff a special duty of care, we need not consider whether the governmental function immunity defense applies (see Brumer v City of New York, 132 AD3d 795, 797; Sutton v City of New York, 119 AD3d at 853).
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.
IANNACCI, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court