■ Michael Stewart, Appellant, v Sudkeo Heralall et al., Respondents. [984 NYS2d 81]—

■■■■■■■■■■■■■■■■

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Solomon, J.), dated May 31, 2012, which, upon the granting of the defendants' motion pursuant to CPLR 4401, made at the close of the plaintiff's case, for judgment as a matter of law dismissing the complaint, is in favor of the defendants and against him dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a new trial.

The plaintiff allegedly tripped and fell when he stepped from the defendants' driveway onto outdoor carpeting located next to their driveway, sustaining personal injuries. The plaintiff then commenced this action against the defendants, and the case proceeded to trial on the issue of liability. At the close of the plaintiff's case, the Supreme Court granted the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint.

To be awarded judgment as a matter of law pursuant to CPLR 4401, a defendant must show that, upon viewing the evidence in the light most favorable to the plaintiff, there is no rational basis by which the jury could find for the plaintiff against the moving defendant (*see Godlewska v Niznikiewicz,* 8 AD3d 430 [2004]; *Lyons v McCauley,* 252 AD2d 516, 517 [1998]; *Farrukh v Board of Educ. of City of N.Y.,* 227 AD2d 440, 441 [1996]; *Hughes v New York Hosp.-Cornell Med. Ctr.,* 195 AD2d 442, 443 [1993]). The plaintiff's evidence must be accepted as true, and the plaintiff is entitled to every favorable inference that can be reasonably drawn therefrom (*see Wong v Tang,* 2 AD3d 840 [2003]; *Farrukh v Board of Educ. of City of N.Y.,* 227 AD2d 440 [1996]).

"[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (*Trincere v County of Suffolk,* 90 NY2d 976, 977 [1997] [internal quotation marks and citations omitted]; *see Aguayo v New York City Hous. Auth.,* 71 AD3d 926 [2010]; *Copley v Town of Riverhead,* 70 AD3d 623 [2010]).

Here, the plaintiff demonstrated that there is a rational basis by which the jury could find for him and against the defendants (*see Trincere v County of Suffolk,* 90 NY2d at 977-978; *Godlewska v Niznikiewicz,* 8 AD3d at 431). Contrary to the Supreme Court's determination, the plaintiff presented sufficient evidence for the jury to conclude that the defendants had notice of the alleged dangerous condition of their driveway and of the outdoor carpeting located next to their driveway. The plaintiff testified that, at the time of the alleged incident, the driveway had potholes and that the outdoor carpeting was buckled, and the defendant Sudkeo Heralall testified that the driveway had cracks and that the outdoor carpeting had ridges. From this testimony, the jury could have rationally concluded that the defendants had notice of the alleged dangerous condition that caused the plaintiff's injuries (*see generally Gordon v American Museum of Natural History,* 67 NY2d 836, 837-838 [1986]).

Accordingly, the Supreme Court erred in granting the defendants' motion pursuant CPLR 4401 for judgment as a matter of law at the close of the plaintiff's case.

The plaintiff's remaining argument on appeal, that the Supreme Court improperly permitted the defendants to impeach him with a certificate of conviction, is without merit (*see People v Schwartzman,* 24 NY2d 241, 244 [1969]). Skelos, J.P., Leventhal, Chambers and Maltese, JJ., concur.