■ JOHN J. VINASCO, Appellant, v INTELL TIMES SQUARE HOTEL, LLC, et al., Respondents. [996 NYS2d 106]—

In a consolidated action to recover damages for personal

injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Brathwaite Nelson, J.), entered December 12, 2012, which, upon the denial of his motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), made at the close of the evidence, and upon a jury verdict, is in favor of the defendants and against him on the issue of liability, dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the plaintiff's motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) is granted, and the matter is remitted to the Supreme Court, Queens County, for a trial on the issue of damages.

On the date of his accident, the plaintiff was working for nonparty United Steel Production, which had been hired by the defendants to remove an approximately 200-pound metal gate from their premises. The plaintiff allegedly was injured while removing the gate, which was being held up by a hoist, from the building. The plaintiff stood on an unsecured ladder and had was not wearing a harness. As the plaintiff pulled at a cable which was around the hoisted gate, the gate fell, striking him and the ladder, and propelling them to the ground. The plaintiff commenced two actions, which were subsequently consolidated, and proceeded to trial against the defendants on the cause of action alleging a violation of Labor Law § 240 (1).

At the close of evidence in the liability phase of the bifurcated trial, the plaintiff moved for a directed verdict on his Labor Law § 240 (1) cause of action. The trial court denied the motion, and the jury returned a verdict in favor of the defendants, finding that they did not fail to provide proper protection to the plaintiff. A judgment subsequently was entered on the verdict, and the plaintiff appeals.

The trial court erred in denying the plaintiff's motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability on his Labor Law § 240 (1) cause of action. In order to grant such a motion, the court, viewing the evidence in the light most favorable to the defendant, must conclude that there is no rational process by which the jury could base a finding in favor of the defendant (see CPLR 4401; *Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Nestro v Harrison*, 78 AD3d 1032, 1033 [2010]). Here, there was no rational process by which the jury could find that the defendants did not violate Labor Law § 240 (1). Upon the evidence presented, the jury could not rationally have concluded that the hoist which was holding the gate was

adequate under the statute, that the unsecured ladder from which the plaintiff fell afforded him adequate protection, or that the inadequacy of the hoist and ladder was not the proximate cause of the injury (*see generally Pritchard v Tully Constr. Co., Inc.*, 82 AD3d 730 [2011]). Accordingly, the Supreme Court erroneously denied the plaintiff's motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability on his Labor Law § 240 (1) cause of action.

In light of our determination, the plaintiff's remaining contention has been rendered academic. Mastro, J.P., Skelos, Roman and Maltese, JJ., concur.