■ IRA STEIN, Appellant, v PETER F. BAUER, Defendant, and TOWN OF HEMPSTEAD, Respondent. [11 NYS3d 869]—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Winslow, J.), entered August 15, 2013, which, upon the granting of the defendant Town of Hempstead's motion pursuant to

CPLR 4401, made at the close of the plaintiff's case, for judgment as a matter of law dismissing the complaint insofar as asserted against it, is in favor of that defendant and against him dismissing the complaint insofar as asserted against it.

Ordered that the judgment is affirmed, with costs.

The instant action arises out of a trip-and-fall accident that occurred on the sidewalk in front of certain premises located in the defendant Town of Hempstead. Town of Hempstead Code § 6-3 provides that no action may be maintained for injuries due to a defective sidewalk unless prior written notice of the alleged defect "was actually served upon the Town Clerk or Town Commissioner of Highways in accordance with § 6-4 hereof." Town of Hempstead Code § 6-4 provides in turn that service of the prior written notice "shall be accomplished by personal service or service by registered or certified mail actually received by the town officer or officers specified herein."

"To be awarded judgment as a matter of law pursuant to CPLR 4401, a defendant must show that, upon viewing the evidence in the light most favorable to the plaintiff, there is no rational basis by which the jury could find for the plaintiff against the moving defendant. The plaintiff's evidence must be accepted as true, and the plaintiff is entitled to every favorable inference that can be reasonably drawn therefrom" (*Stewart v Heralall*, 116 AD3d 760, 760 [2014] [citations omitted]; *see Vinasco v Intell Times Sq. Hotel, LLC*, 122 AD3d 617 [2014]). Here, the plaintiff's evidence at trial failed to demonstrate that prior written notice of the alleged sidewalk defect had been served upon the Town Clerk or the Town Commissioner of Highways in conformity with Town Code §§ 6-3 and 6-4. Accordingly, the Supreme Court properly granted the motion of the defendant Town of Hempstead pursuant to CPLR 4401 for judgment as a matter of law in its favor at the close of the plaintiff's case (*see Gorman v Town of Huntington*, 12 NY3d 275 [2009]). Eng, P.J., Hall, Hinds-Radix and LaSalle, JJ., concur.

---

Motion by the respondent to strike stated portions of the appellant's brief on an appeal from a judgment of the Supreme Court, Nassau County, entered August 15, 2013, on the ground that they refer to matter dehors the record. Cross motion by the appellant for this Court to take judicial notice of the material referred to in the appellant's brief. By decision and order on motion of this Court dated June 25, 2014, the motion and cross motion were held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the cross motion, and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is granted, all references to the briefs and records in the cases *Petrillo v Town of Hempstead* (85 AD3d 996 [2011] [Appellate Division docket No. 2009-09891]) and *Petrillo v Town of Hempstead* (85 AD3d 996 [2011] [Appellate Division docket No. 2010-05170]) are stricken and have not been considered in the determination of the appeal; and it is further,

Ordered that the cross motion is denied. Eng, P.J., Hall, Hinds-Radix and LaSalle, JJ., concur.