People v City of New York (2021 NY Slip Op 08208)





People v City of New York


2021 NY Slip Op 08208


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

2018-12261
2018-12262
 (Index No. 700347/14)
[*1]Promenade Nursing Home, Inc., appellant,
v
v
City of New York, respondent.
 
 
Asher Fensterheim PLLC, White Plains, NY (Kelly Paul Peters and Mark A. Guterman of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Scott Shorr and Anna Wolonciej of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for injury to property, the plaintiff appeals from (1) an extract of the clerk's minutes of trial entered July 12, 2018, and (2) a judgment of the Supreme Court, Queens County (Janice A. Taylor, J.), entered August 9, 2018. The judgment, upon the granting of the defendant's motion pursuant to CPLR 4401, made at the close of the plaintiff's case, for judgment as a matter of law dismissing the complaint, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the appeal from the extract of the clerk's minutes of trial is dismissed, as no appeal lies from an extract of clerk's minutes (see Wilson v Schindler Haughton El. Corp., 118 AD2d 777); and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiff, Promenade Nursing Home, Inc., operated a nursing home (hereinafter the building) located at 140 Beach 114th Street in Rockaway Park. The building was situated along the Atlantic coast, with the Rockaway Park Boardwalk (hereinafter the boardwalk), owned by the defendant, the City of New York, running parallel to the south, ocean-facing side of the building. On October 29, 2012, during Hurricane Sandy, a portion of the boardwalk moved from its original location and struck the building. The plaintiff subsequently commenced this action alleging, inter alia, that the City's negligent failure to inspect, maintain, and repair the boardwalk proximately caused the damage to its property.
The matter proceeded to a bifurcated trial. At the close of the plaintiff's case on the issue of liability, the City moved pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint on the ground, among others, that the plaintiff failed to establish, prima facie, that the City had prior written notice of any defect in the boardwalk, as required by Administrative Code of the City of New York § 7-201(c)(2). The Supreme Court granted the motion and entered judgment in favor of the City and against the plaintiff dismissing the complaint. The plaintiff appeals.
"To be awarded judgment as a matter of law pursuant to CPLR 4401, a defendant must show that, upon viewing the evidence in the light most favorable to the plaintiff, there is no rational basis by which the jury could find for the plaintiff against the moving defendant. The plaintiff's evidence must be accepted as true, and the plaintiff is entitled to every favorable inference that can be reasonably drawn therefrom" (Stewart v Heralall, 116 AD3d 760, 760 [citations omitted]; see Vinasco v Intell Times Sq. Hotel, LLC, 122 AD3d 617, 618).
"Pursuant to Administrative Code of the City of New York § 7-201(c)(2), a plaintiff must plead and prove that the City had prior written notice of a [walkway] defect, or dangerous or obstructed condition before it can be held liable for its alleged negligence related thereto" (Farrell v City of New York, 49 AD3d 806, 807; see Administrative Code § 7-201[c][2]). The only recognized exceptions to the prior written notice requirement, which are not applicable to this case, involve situations in which the municipality created the defect through an affirmative act of negligence, or a special use conferred a special benefit upon the municipality (see Yarborough v City of New York, 10 NY3d 726, 728; Amabile v City of Buffalo, 93 NY2d 471, 474).
Here, the plaintiff failed to present any evidence that the City had prior written notice of any alleged defective or dangerous condition in the boardwalk. Accordingly, the Supreme Court properly granted the City's motion pursuant to CPLR 4401 for judgment as a matter of law in its favor at the close of the plaintiff's case.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
MASTRO, A.P.J., RIVERA, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court