37 E. 50th St. Corp. v Restaurant Group Mgt. Servs., LLC (2021 NY Slip Op 03932)





37 E. 50th St. Corp. v Restaurant Group Mgt. Servs., LLC


2021 NY Slip Op 03932


Decided on June 17, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 17, 2021

Before: Acosta, P.J., Webber, Mazzarelli, Kennedy, JJ. 


Index No. 653067/13 Appeal No. 14074-14075 Case No. 2019-5045 

[*1]37 East 50th Street Corporation, Plaintiff-Appellant,
v
Restaurant Group Management Services, LLC, Defendant-Respondent.


Camarinos Law Group, LLC, New York (Michael D. Camarinos and John M. Mavroudis of counsel), for appellant.
Pryor Cashman LLP, New York (Todd E. Soloway, Eric D. Dowell and Itai Y. Raz of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Barry R. Ostrager, J.), entered May 7, 2019, which, upon a jury verdict in favor of defendant, dismissed the complaint, unanimously affirmed, without costs. Judgment, same court and Justice, entered May 7, 2019, upon a jury verdict, in favor of defendant on its counterclaim, in the amount of $450,000 plus prejudgment interest from August 3, 2012 for a total sum of $723,846.58, unanimously modified, on the law, to reduce the amount of the judgment to $200,000 plus prejudgment interest from August 3, 2012, and otherwise affirmed, without costs.
The prior order, affirmed by this Court (156 AD3d 569 [1st Dept 2017]), denying defendant's summary judgment motion, does not establish as law of the case that defendant was required to designate plaintiff as a tenant on the lease for the restaurant operated by defendant pursuant to a management agreement with plaintiff. "The denial of [defendant]'s motion for summary judgment established no more than the existence of triable issues of fact" (Franco v Jay Cee of N.Y. Corp., 36 AD3d 445, 447 [1st Dept 2007]). There was sufficient evidence from which a jury could rationally and fairly conclude that defendant did not breach its contractual obligation or fiduciary duty to name plaintiff as a co-tenant on the lease by procuring a lease that designated as the tenant an entity in which plaintiff would have an ownership stake proportional to its economic interest in the restaurant (see Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]).
However, the modification to the parties' agreement provides that the parties were only required to fund capital contributions that they agreed were required. Specifically, it provides that they are required to contribute their respective share "of any capital determined by the parties to be required for the operation of the Restaurant." Defendant fails to point to any evidence in the record that plaintiff agreed to more than $600,000 for the "repositioning" of the restaurant in 2012 and for which it offered to fund its one-third share, and the judgment in its favor on the counterclaim should be modified accordingly.
We have considered plaintiff's remaining arguments and find them either
unpreserved (see Ganaj v New York City Health & Hosps. Corp., 130 AD3d 536 [1st Dept 2015]; CPLR 4110-b) or unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 17, 2021