Heins v Public Stor. (2025 NY Slip Op 06605)

Heins v Public Stor.

2025 NY Slip Op 06605

Decided on November 26, 2025

Appellate Division, Second Department

Wooten, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2021-06227
2022-06480
 (Index No. 9608/08)

[*1]Robert Heins, appellant, 
v
Public Storage, etc., et al., respondents.

APPEALS by the plaintiff, in an action, inter alia, to recover damages for a violation of Lien Law § 182, from (1) an order of the Supreme Court (Thomas F. Whelan, J.), dated June 23, 2021, and entered in Suffolk County, and (2) a judgment of the same court dated June 2, 2022. The order, insofar as appealed from, granted that branch of the defendants' application which was pursuant to CPLR 4401, made at the close of the plaintiff's case, for judgment as a matter of law dismissing the fifth cause of action. The judgment, insofar as appealed from, upon an order of the same court (William B. Rebolini, J.) dated April 28, 2020, inter alia, granting that branch of the defendants' motion which was for summary judgment limiting the plaintiff's right to recover damages to the sum of $5,000, upon an order of the same court (Thomas F. Whelan, J.) dated June 7, 2020, inter alia, in effect, granting that branch of the defendants' motion which was, in effect, for summary judgment dismissing so much of the fifth cause of action as alleged a violation of Lien Law § 182 based on a wrongful sale, and upon the order dated June 23, 2021, is in favor of the defendants and against the plaintiff dismissing the fifth cause of action.

Russ & Russ, P.C., Massapequa, NY (Jay Edmond Russ and Ira Levine of counsel), for appellant.
Miller & Lee LLP, Scarsdale, NY (Joseph Miller of counsel), for respondents.

WOOTEN, J.

OPINION & ORDER
The primary issue raised on these appeals, one of first impression for an appellate court in New York, is whether a person who rents a storage space at a self-storage facility under a written occupancy agreement may commence an action to recover damages for a violation of Lien Law § 182 based upon the alleged wrongful sale by the owner of a self-storage facility of the personal property contained in a storage space. We determine that such a cause of action is not available under Lien Law § 182, which, by its terms, limits the remedy available to a person challenging the validity of an owner's lien that serves as the basis for the owner's sale of the contents of a storage space to the commencement of a proceeding within the limited time period set forth under Lien Law § 182(7).
I. Background
Pursuant to a rental agreement dated August 16, 2004 (hereinafter the agreement), the plaintiff rented a storage space at a self-storage facility located in Patchogue (hereinafter the facility), which was owned by Public Storage, Inc. (hereinafter Public Storage), for a monthly rent of $76, due on the first day of each month. The agreement provided that the total value of all personal property stored by the plaintiff in the storage space was "less than $5,000" and that Public Storage's "total [*2]responsibility for any liability, expense, personal property damage and personal injury will not exceed [that sum]." The agreement further provided that if the plaintiff "falls behind in paying rent," then Public Storage may, among other things, "remove [the plaintiff's] personal property from the Enclosed Space . . . until [Public Storage] sells the personal property under the Lien Law of New York."
On March 5, 2007, Public Storage mailed a notice to the plaintiff's address listed in the agreement, advising that his rental payments were delinquent, demanding the total sum of $226 for delinquent rental fees and other charges, and indicating that the personal property contained in the plaintiff's storage space would be sold at public or private auction on March 30, 2007, unless the full amount due was paid within 15 days of the mailing date of the notice. On March 30, 2007, Public Storage conducted an auction sale of the plaintiff's storage space and the property contained therein, which were purchased by Anthony Stoisich.
Following the sale, Public Storage discovered that Linda Cox, with whom the plaintiff was in a relationship and who rented a separate storage space at the facility, had made payments intended to cover the rent due on the plaintiff's storage space for January and February 2007, which mistakenly had been applied to Cox's storage space. Public Storage then rescinded the sale, waived late fees imposed on the plaintiff, returned the money paid at auction to Stoisich, and advised Stoisich to return the personal property he had obtained from the plaintiff's storage space.
Thereafter, the plaintiff commenced this action against the defendant Public Storage, a Maryland Real Estate Investment Trust, as successor of Public Storage, Inc., and its agent, the defendant PS Orangeco, Inc., inter alia, to recover damages for a violation of Lien Law § 182. The plaintiff alleged, among other things, that certain items of personal property he had kept in his storage space were missing when he returned to the storage space after the auction sale. The fifth cause of action in the third amended complaint, which sought to recover damages for a violation of Lien Law § 182, alleged, inter alia, a "wrongful sale" of the plaintiff's property on the ground that "there was no unpaid obligation, lien or other right of enforcement." That cause of action also alleged that the "defendants failed and refused to return plaintiff's goods and property to him, thereby committing acts of wrongful detention," and that the notice of the pending sale was inadequate.
The plaintiff subsequently moved for summary judgment on the issue of liability on so much of the fifth cause of action as alleged a violation of Lien Law § 182 based on a wrongful sale. The defendants opposed the motion and moved, among other things, for summary judgment limiting the plaintiff's right to recover damages to the sum of $5,000 pursuant to the agreement.
In an order dated April 28, 2020, the Supreme Court, inter alia, denied the plaintiff's motion for summary judgment on the issue of liability on so much of the fifth cause of action as alleged a violation of Lien Law § 182 based on a wrongful sale and granted that branch of the defendants' motion which was for summary judgment limiting the plaintiff's right to recover damages to the sum of $5,000. In that order, the court determined, among other things, that the plaintiff failed to demonstrate how a wrongful sale "states a basis for an independent cause of action alleging violation of Lien Law § 182."
Thereafter, the defendants moved, inter alia, in effect, for summary judgment dismissing so much of the fifth cause of action as alleged a violation of Lien Law § 182 based on a wrongful sale. The plaintiff opposed the motion. In an order dated June 7, 2020, the Supreme Court, among other things, in effect, granted that branch of the defendant's motion which was, in effect, for summary judgment dismissing so much of the fifth cause of action as alleged a violation of Lien Law § 182 based on a wrongful sale, but determined that the plaintiff could proceed with that cause of action based upon a theory of wrongful detention of the plaintiff's personal property.
The action subsequently proceeded to trial before a jury. At the close of the plaintiff's case, the defendants made an application, inter alia, pursuant to CPLR 4401 for judgment as a matter of law dismissing the fifth cause of action. The plaintiff opposed the application. In an order dated June 23, 2021, the Supreme Court, among other things, granted that branch of the defendants' application.
The Supreme Court then issued a judgment dated June 2, 2022, in favor of the defendants and against the plaintiff, inter alia, dismissing the fifth cause of action. These appeals ensued.
II. Lien Law § 182
Pursuant to Lien Law § 182(6), the owner of a self-storage facility, as defined under [*3]Lien Law § 182(1)(b),
"has a lien upon all personal property stored at a self-storage facility for occupancy fees or other charges, present or future, in relation to the personal property and for expenses necessary for its preservation or expenses reasonably incurred in its sale or other disposition pursuant to law and any other charges pursuant to the occupancy agreement."
Lien Law § 182(7)(a) provides that
"[a]n owner's lien may be enforced by public or private sale of the . . . goods [of the occupant, defined under Lien Law § 182(1)(c) as a person entitled to the use of the storage space at a self-storage facility under a written occupancy agreement to the exclusion of others,] that remain in the self-storage facility, in block, or in parcel, at any time or place and on any terms which are commercially reasonable after notice to all persons known to claim an interest in the goods."
The notice that must be provided by the owner to enforce the lien by public or private sale
"shall include an itemized statement of the amount due, the description of the property subject to the lien, the nature of the proposed sale, a demand for payment within a specified time not less than thirty days from mailing of the notice and a conspicuous statement that unless the claimant pays within that time the goods will be advertised for sale and sold at public or private sale in a commercially reasonable manner" (id.).
In addition, the notice must
"include the time and place of any public or private sale and it shall state that any person claiming an interest in the goods is entitled to bring a proceeding hereunder within ten days of the service of the notice if he [or she] disputes the validity of the lien, or the amount claimed" (id. [emphasis added]).
Pursuant to Lien Law § 182(9), "[t]he special proceeding may be brought in any court which would have jurisdiction to render a judgment for a sum equal to the amount of the lien." If the person who commences that proceeding
"show[s] that the owner is not entitled to claim a lien in the goods, or that all or part of the amount claimed by the owner has not been properly charged to the account of such person, or, as the case may be, that all or part of such amount exceeds the fair and reasonable value of the services performed by the owner, the court shall direct the entry of judgment cancelling the lien or reducing the amount claimed thereunder accordingly,"
with a directive that "the person shall be entitled to possession of the property" if the lien is cancelled (id. § 182[9]).
In addition, Lien Law § 182(4)(a) provides for a "[p]rivate right of action" "for recovery of damages and the return of [the] goods" for "[a]ny occupant damaged by an unlawful detention of his [or her] goods or any other violation of this section." Lien Law § 182(3) states that "[i]t shall constitute an unlawful detention of goods for an owner to refuse to surrender goods stored by him [or her] for an occupant upon payment by the occupant of the occupancy fees permitted by this section."
III. Analysis
A. Law of the Case
Initially, contrary to the defendants' contention, the Supreme Court's determination in the order dated April 28, 2020, to deny the plaintiff's motion for summary judgment on the issue [*4]of liability on so much of the fifth cause of action as alleged a violation of Lien Law § 182 based on a wrongful sale did not, under the law of the case doctrine, preclude the plaintiff from seeking to prove a wrongful sale theory of liability at trial.
The law of the case doctrine "'forecloses reexamination of [an issue already determined in a court of co-ordinate jurisdiction] absent a showing of newly discovered evidence or a change in the law'" (Vehifax Corp. v Georgilis, 205 AD3d 973, 975, quoting Kaygreen Realty Co., LLC v IG Second Generation Partners, L.P., 116 AD3d 667, 669). "Law of the case 'applies only to legal determinations that were necessarily resolved on the merits in [a] prior decision, and to the same questions presented in the same case'" (Matter of Koegel, 184 AD3d 764, 766, affd sub nom. Anderson v Anderson, 37 NY3d 444, quoting Ramanathan v Aharon, 109 AD3d 529, 530).
Here, since the Supreme Court did not, in the order dated April 28, 2020, award summary judgment to the defendants dismissing any portion of the fifth cause of action, that order did not necessarily resolve the issue of whether the plaintiff could sustain that cause of action based on a wrongful sale (see 37 E. 50th St. Corp. v Restaurant Group Mgt. Servs., LLC, 195 AD3d 535, 535). To the extent the court determined in that order that the plaintiff failed to demonstrate how a wrongful sale "states a basis for an independent cause of action alleging violation of Lien Law § 182," that determination amounted to mere dicta, which was not subject to the preclusive effect of the law of the case doctrine (see Matter of B.Z. Chiropractic, P.C. v Allstate Ins. Co., 197 AD3d 144).
Nevertheless, in the order dated June 7, 2020, the Supreme Court did not merely rely on the order dated April 28, 2020, but also made a determination as to the viability of a cause of action alleging a violation of Lien Law § 182 based on a wrongful sale, and, in effect, awarded summary judgment to the defendants dismissing so much of the fifth cause of action as alleged a violation of Lien Law § 182 based on a wrongful sale. We now turn to reviewing that determination.
B. Viability of the Plaintiff's Wrongful Sale Claim
Contrary to the plaintiff's contention, the Supreme Court properly determined that the plaintiff could not proceed with a cause of action alleging a violation of Lien Law § 182 based on a wrongful sale, since such a basis of liability was not recognized under the statute.
"'It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the [l]egislature' and, because 'the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof'" (Matter of D.L. v S.B., 39 NY3d 81, 87, quoting Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583). "'Absent ambiguity the courts may not resort to rules of construction to [alter] the scope and application of a statute because no such rule gives the court discretion to declare the intent of the law when the words are unequivocal'" (id. [internal quotation marks omitted], quoting Kuzmich v 50 Murray St. Acquisition LLC, 34 NY3d 84, 91). Further, "'[c]ourts must give effect to the wording of a statute without rejecting any words as superfluous, and must harmonize related provisions in a way that renders them compatible'" (Feinman v County of Nassau, 154 AD3d 739, 742 [internal quotation marks omitted], quoting Matter of Universal Metal & Ore, Inc. v Westchester County Solid Waste Commn., 145 AD3d 46, 56).
Here, Lien Law § 182 provides that the remedy where a person "disputes the validity of the lien, or the amount claimed," is to "bring a proceeding hereunder within ten days of the service of the notice" (id. § 182[7][a]), for which the remedy, if the person who commences the proceeding prevails, is "the entry of judgment cancelling the lien or reducing the amount claimed thereunder," and a directive that "the person shall be entitled to possession of the property" if the lien is canceled (id. § 182[9]). The statute also provides for a "[p]rivate right of action" "for recovery of damages and the return of [the] goods" for "[a]ny occupant damaged by an unlawful detention of his [or her] goods or any other violation of this section" (id. § 182[4][a]).
To the extent the plaintiff attempts to equate his allegation of a wrongful sale with an "unlawful detention," for which the statute recognizes a "[p]rivate right of action" (id. § 182[4][a]), the plaintiff's contention is without merit. An "unlawful detention of goods" is unambiguously defined under the statute as an owner's "refus[al] to surrender goods stored by him [or her] for an occupant upon payment by the occupant of the occupancy fees permitted by this section" (id. § 182[3]). That definition does not mention or reference the sale of goods stored by an owner, and thus, the phrase "unlawful detention" cannot be read as encompassing the plaintiff's allegation of a wrongful sale.
Further, the plaintiff contends that his allegation of a wrongful sale falls within the scope of the phrase "or any other violation of this section" under Lien Law § 182(4)(a). That phrase apparently has not been interpreted by any court. Giving effect to the plain meaning of the language, that phrase reasonably may be understood as covering the violation of any provision of Lien Law § 182 other than "an unlawful detention of goods" as defined under Lien Law § 182(3). For instance, that phrase would encompass the owner's failure to provide a written occupancy agreement in accordance with the requirements listed under Lien Law § 182(2), such as the requirements that the agreement set forth the actual monthly occupancy charge, an itemization of other charges that may be imposed in connection with the occupancy, and a statement of any limitation of damages. The phrase also would cover the owner's failure either to give notice to all persons known to claim an interest in the goods and mail or email the notice in accordance with the requirements of the statute (see id. § 182[7][a], [b]), or to include in the notice an itemized statement of the amount due, a description of the property subject to the lien, the nature of the proposed sale, and a demand for payment within a specified time no less than 30 days from mailing of the notice with a conspicuous statement that the goods will be sold unless the claimant pays within that time (see id. § 182[7][a]).
Contrary to the plaintiff's contention, however, the phrase "or any other violation of this section" under Lien Law § 182(4)(a) cannot reasonably be read to encompass a challenge to the validity of the lien or the amount claimed, as the statute unambiguously provides that any person claiming an interest in the goods who disputes the validity of the lien or the amount claimed must commence a proceeding within 10 days of the service of the notice of the amount due and potential sale (see id. § 182[7]). Moreover, the statute unambiguously provides that the potential remedy where a person disputes the validity of the lien or the amount claimed is limited to the cancellation of the lien or reduction of the amount claimed thereunder, and a directive that the person is entitled to possession of the property if the lien is canceled (see id. § 182[9]), without including the potential to recover damages, which is available to the "[p]rivate right of action" under Lien Law § 182(4). To interpret the statute as permitting a private right of action to recover damages where a person disputes the validity of the lien or the amount claimed would essentially render meaningless or superfluous the portions of the statute under Lien Law § 182(7)(a) and (9) providing that a person claiming an interest in the goods who disputes the validity of the lien or the amount claimed must commence a proceeding within 10 days of the service of the notice, and if successful, may obtain the cancellation of the lien or reduction of the amount claimed thereunder (see Matter of Westchester Joint Water Works v Assessor of the City of Rye, 27 NY3d 566, 575; JJM Sunrise Auto., LLC v Volkswagen Group of Am., Inc., 149 AD3d 1051, 1053; Matter of Ebanks v Skyline NYC, LLC, 70 AD3d 943, 945). Under the plaintiff's reading of the statute, a person claiming an interest in the goods could avoid the 10-day time limitation to commence a proceeding to challenge the validity of a lien and obtain relief that would not otherwise be available under Lien Law § 182(9) simply by commencing an action, which could not have been the intent of the Legislature.
Moreover, had the Legislature intended to provide for a private right of action to recover damages, without any time limitation, where the occupant alleged a wrongful sale, "'it would have said so in the statute'" (Colon v Martin, 35 NY3d 75, 82, quoting Cruz v TD Bank, N.A., 22 NY3d 61, 72). Indeed, the Legislature specifically drafted Lien Law § 182(4)(a) to provide a private right of action to recover damages for any occupant damaged by "an unlawful detention of his [or her] goods," without simply providing for a private right of action for any violation of this section.
Here, to the extent the plaintiff alleged a violation of Lien Law § 182 based on a wrongful sale because "there was no unpaid obligation, lien or other right of enforcement," the plaintiff raised a dispute regarding "the validity of the lien," which required him to commence a proceeding within 10 days of the service of the notice of sale (id § 182[7]). It is undisputed that the plaintiff did not commence such a proceeding. Thus, the Supreme Court properly, in effect, determined that the defendants were entitled to summary judgment dismissing so much of the fifth cause of action as alleged a violation of Lien Law § 182 based on a wrongful sale.
C. Application for Judgment as a Matter of Law
Contrary to the plaintiff's contention, the Supreme Court properly granted that branch of the defendants' application which was pursuant to CPLR 4401, made at the close of the plaintiff's case, for judgment as a matter of law dismissing the fifth cause of action, which sought to recover damages for a violation of Lien Law § 182.
"CPLR 4401 provides that any party may move for judgment as a matter of law after the close of the evidence presented [*5]by an opposing party. To be entitled to judgment as a matter of law pursuant to CPLR 4401, 'a defendant must show that, upon viewing the evidence in the light most favorable to the plaintiff, there is no rational basis by which the jury could find for the plaintiff against the moving defendant'" (Whitehall v Andrade, 231 AD3d 1094, 1095, quoting Stewart v Heralall, 116 AD3d 760, 760).
"'In determining whether the defendant has met this burden, a court must accept the plaintiff's evidence as true and accord the plaintiff the benefit of every favorable inference which can reasonably be drawn from the evidence presented at trial'" (id., quoting Feteha v Scheinman, 169 AD3d 871, 872).
As discussed heretofore, the Supreme Court properly determined, in effect, that the defendants were entitled to summary judgment dismissing so much of the fifth cause of action as alleged a violation of Lien Law § 182 based on a wrongful sale. Thus, at trial, the plaintiff was limited to proving either an "unlawful detention" of his goods or "any other violation of this section," such as inadequate notice of the amount due and the proposed sale (id. § 182[4]).
At trial, the plaintiff acknowledged that he never requested or was refused access by the defendants to his storage space or the goods stored therein. Thus, the plaintiff failed to present any evidence that the defendants "refuse[d] to surrender goods stored by him" so as to constitute an "unlawful detention of goods" within the meaning of the statute (id. § 182[3]). Moreover, the plaintiff did not present any evidence of a violation of the notice provisions of Lien Law § 182 or "any other violation of this section" within the meaning of the statute. Thus, the defendants were entitled to dismissal of the fifth cause of action in its entirety.
IV. Conclusion
Accordingly, the Supreme Court properly determined, in effect, that the plaintiff could not assert a cause of action to recover damages for a violation of Lien Law § 182 based on a wrongful sale, and properly granted that branch of the defendants' application at trial which was pursuant to CPLR 4401 for judgment as a matter of law dismissing the fifth cause of action.
In light of our determination, we need not reach the parties' remaining contentions.
Accordingly, the appeal from the order dated June 23, 2021, is dismissed, as the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241), and the judgment is affirmed insofar as appealed from.
MILLER, J.P., TAYLOR and MCCORMACK, JJ., concur.
ORDERED that the appeal from the order dated June 23, 2021, is dismissed, as the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241); and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
ENTER:
Darrell M. Joseph
Clerk of the Court